| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>DAVID M. FURBUSH  # 83447 |
| 2 | 2475 Hanover Street<br>Palo Alto, CA 94304-1114 |
| 3 | Telephone: (650) 233-4500<br>Facsimile: (650) 233-4545 |
| 4 | david.furbush@pillsburylaw.com |
| 5 | RANAH L. ESMAILI  # 233477<br>1540 Broadway |
| 6 | New York, NY 10036-4039<br>Telephone: (212) 858-1000 |
| 7 | Facsimile: (212) 858-1500<br>ranah.esmaili@pillsburylaw.com |
| 8 | |
| 9 | Attorneys for Defendants Atheros<br>Communications, Inc., Willy C. Shih, |
| 10 | Teresa H. Meng, Craig H. Barratt,<br>Andrew S. Rappaport, Dan A. Artusi, |
| 11 | Charles E. Harris, Marshall L. Mohr,<br>And Christine King |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATHEROS COMMUNICATIONS, INC., DR. WILLY C. SHIH, DR. TERESA H. MENG, DR. CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A. ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR, CHRISTINE KING, QUALCOMM INCORPORATED, AND T MERGER SUB, INC.<br><br>Defendants. | No. 5:11-CV-00640-LHK(HRL)<br><br>**ATHEROS DEFENDANTS' MOTION, NOTICE OF MOTION AND MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:  Hon. Lucy H. Koh<br><br>Hearing Date: July 21, 2011<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 4, 5th Floor<br>Date Action Filed: February 10, 2011 |

**Table of Contents**

Page

I. INTRODUCTION. .................................................................................................1

II. BACKGROUND. ...................................................................................................3

    A. The Merger Transaction and Proxy Disclosures. ........................................3

    B. Plaintiff's Action. .........................................................................................3

    C. Parallel Delaware Proceeding......................................................................4

    D. The March 18, 2011 Shareholder Vote. ......................................................6

III. ARGUMENT. .........................................................................................................6

    A. The First Cause of Action (Violations of Sections 14(a) and 14(e) of the 1934 Act) Must Be Dismissed for Failure to State a Claim. ....................6

        1. Legal Standard. ................................................................................6

        2. Plaintiff Has Not Sufficiently Alleged, and Cannot Allege, the Elements of a Section 14(a) Claim. ..............................................8

        3. Section 14(e) Is Inapplicable ..........................................................12

    B. The Second Cause of Action (Violations of Section 20(a) of the 1934 Act) Against the Directors Must Be Dismissed for Failure to State a Claim .........................................................................................................12

IV. CONCLUSION. ....................................................................................................13

**Table of Authorities**

**CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 8

*Desaigoudar v. Meyercord*,
   223 F.3d 1020 (9th Cir. 2000) .............................................................................................. 6, 7

*In re Atheros Commc'ns., Inc. S'holder Litig.*,
   C.A. No. 6124-VCN (Del. Ch.) ................................................................................................ 5

*In re Cutera Sec. Litig.*,
   610 F.3d 1103 (9th Cir. 2010) .............................................................................................. 7, 8

*In re McKesson HBOC, Inc. Sec. Litig.*,
   126 F. Supp. 2d 1248 (N.D. Cal. 2000) ......................................................................... 6, 7, 11

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) .................................................................................................... 7

*Knollenberg v. Harmonic, Inc.,* No. 03-16238,
   2005 WL 2980628 (9th Cir. Nov. 8, 2005) .......................................................................... 6, 7

*Lewis v. McGraw*,
   619 F.2d 192 (2d Cir. 1980) ................................................................................................... 12

*Marsh v. Armada Corp.*,
   533 F.2d 978 (6th Cir. 1976) .................................................................................................. 10

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) .................................................................................................. 12

*Runaj v. Wells Fargo Bank*,
   667 F. Supp. 2d 1199 (S.D. Cal. 2009) .................................................................................... 8

*SEC v. Falstaff Brewing Corp.*,
   No. 77-894, 1978 WL 1120 (D.D.C. Oct. 28, 1978) ................................................................ 7

*Shurkin v. Golden State Vintners, Inc.,* No. C 04-3434 MJJ,
   2005 WL 1926620 (N.D. Cal. Aug. 10, 2005) ......................................................................... 7

*TSC Indus., Inc. v. Northway, Inc.*,
   426 U.S. 438 (1976) ........................................................................................................... 7, 10

*Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd.*,
   No. 09 Civ. 8262 (PGG), 2010 WL 2835548 (S.D.N.Y. July 13, 2010) ............................... 11

*Vaughn v. Teledyne, Inc.*,
   628 F.2d 1214 (9th Cir. 1980) .................................................................................................. 10

**STATUTES AND RULES**

15 U.S.C. § 78n(e) (2002) ............................................................................................................. 12

15 U.S.C. § 78u-4(b)(1) (2010) ............................................................................................. 7, 8, 9

17 C.F.R. § 229.10, *et seq.* (2008) ................................................................................................. 8

17 C.F.R. § 229.1000, *et seq.* (2011) ............................................................................................. 8

17 C.F.R. § 240.14a-9(a) (2011) .................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Private Securities Litigation Reform Act ("PSLRA") .................................................................... 1

Securities and Exchange Act of 1934
   §§14(a), 14(e), 20(a) .......................................................................................................... *passim*

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO PLAINTIFF AND HIS ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on July 21, 2011 at 1:30 p.m., or as soon thereafter |
| 4 | as counsel may be heard, in Courtroom 4 of this Court, located at 280 South 1st Street, 5th |
| 5 | Floor, San Jose, CA 95113, before the Honorable Lucy H. Koh, United States District |
| 6 | Judge, defendants ATHEROS COMMUNICATIONS, INC. ("Atheros"), WILLY C. SHIH, |
| 7 | TERESA H. MENG, CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A. |
| 8 | ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR AND CHRISTINE KING |
| 9 | ("Directors"; collectively, with Atheros, the "Atheros Defendants") will and hereby move |
| 10 | this Court to dismiss, with prejudice, all purported federal claims asserted against them in |
| 11 | Plaintiff's Class Action Complaint filed February 10, 2011 (Dkt. 1) (the "Complaint" or |
| 12 | "Compl.") under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Private |
| 13 | Securities Litigation Reform Act ("PSLRA"), on the grounds that the Complaint fails to |
| 14 | state a claim against the Atheros Defendants for violations of Sections 14(a), 14(e) or 20(a) |
| 15 | of the Securities Exchange Act of 1934.  This motion is based on this Notice of Motion and |
| 16 | motion, the supporting memorandum of points and authorities that follows, the Request for |
| 17 | Judicial Notice filed herewith, the declaration of Ranah L. Esmaili filed herewith and |
| 18 | supporting exhibits, the Declaration of Willy C. Shih dated February 22, 2001 and |
| 19 | supporting exhibits, and all pleadings and records on file in this action. |
| 20 | |
| 21 | **SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| 22 | **I.      INTRODUCTION.** |
| 23 | Plaintiff challenges a merger between Atheros and Qualcomm Incorporated |
| 24 | ("Qualcomm") announced on January 5, 2011 and approved by Atheros stockholders on |
| 25 | March 18, 2011 (the "merger").  Plaintiff contends that the disclosures made in connection |
| 26 | |
| 27 | |
| 28 | |

with the merger violated federal proxy rules.[1]  But Plaintiff has not pled and cannot plead the elements of a claim for false or misleading proxy disclosures.  The Delaware Court of Chancery conducted a detailed examination of the proxy disclosures at issue here and, after requiring defendants to make certain supplemental disclosures, held that Atheros's disclosures provided Atheros's stockholders with all the information they needed to vote on the merger.  Fully informed by those disclosures, Atheros's stockholders overwhelmingly approved the merger.  Plaintiff's attack on Atheros's proxy disclosures fails as a matter of law.

First, Plaintiff has not adequately pled any false or misleading statements or omissions in the proxy disclosures, materiality of any purported false or misleading statements or omissions, or negligent conduct by the defendants, as he must to state a Section 14(a) claim.  Plaintiff merely recites the elements of a Section 14(a) claim.  That is plainly insufficient.  Section 14(a) claims are subject to the heightened pleading standard of the PSLRA, which requires that each element of Plaintiff's claim be pleaded with particularity.  Plaintiff does not identify a single false statement of fact, or a single statement that was rendered misleading by the purported omissions.  He nowhere explains why the purportedly omitted facts would have been important to a shareholder in deciding how to vote.  And he does not even attempt to identify any conduct that could possibly have constituted "negligence" by the Atheros Defendants.

Nor could he.  The proxy disclosures fully comply with the relevant rules and regulations that prescribe the information required to be disclosed in such proxy statements, and the granular disclosures Plaintiff seeks are not the type of information that federal courts have deemed material.  Moreover, the Atheros Defendants' good faith reliance on the Delaware Court of Chancery's vetting of the proxy disclosures *prior* to the shareholder

---

[1] As explained further below, *see infra* at Part II.B., Plaintiff's state law claims have been stayed by this Court.  This motion to dismiss is therefore directed solely to Plaintiff's federal law claims, which focus exclusively on proxy disclosure issues.

1  vote negates any inference of negligence.  Thus, Plaintiff has not come close to alleging the

2  basic elements of a Section 14(a) claim with the particularity required by the PSLRA.

3        Second, Plaintiff's Section 14(e) and 20(a) claims fail as well.  Section 14(e) applies

4  only to tender offers.  The merger did not involve a tender offer, which renders Section

5  14(e) completely inapplicable here.  Section 20(a) requires a primary Section 14(a)

6  violation which, as explained above, Plaintiff has failed to plead.

7        Because Plaintiff does not, and cannot, plead claims under Sections 14(a), 14(e) or

8  20(a), his federal claims should be dismissed without leave to amend.

9  **II.**    **BACKGROUND.**

10     **A.**    **The Merger Transaction and Proxy Disclosures.**

11        On January 5, 2011, Atheros announced that it had entered into a definitive merger

12  agreement, pursuant to which Qualcomm would purchase Atheros for $45 per share in cash,

13  representing an enterprise value of $3.1 billion.  Declaration of Willy C. Shih, dated

14  February 22, 2011 ("Shih Decl."), Dkt. 21, ¶ 2.  On February 1, 2011, Atheros filed a

15  preliminary proxy statement with the Securities and Exchange Commission concerning the

16  merger (the "Preliminary Proxy"), and on February 11, 2011 filed a definitive proxy

17  statement ("Definitive Proxy").  Declaration of Ranah L. Esmaili, filed herewith ("Esmaili

18  Decl."), Exs. 1, 2.  On March 7, 2011, the company made additional disclosures to comply

19  fully with a March 4, 2011 order from the Delaware Court of Chancery and postponed the

20  shareholder vote on the merger until March 18, 2011, as set forth more fully below (*see*

21  *supra* Part II.C.) ("Definitive Additional Materials"; collectively, with the Preliminary

22  Proxy and Definitive Proxy, the "Proxy Disclosures").  *Id.*, Ex. 3.

23     **B.**    **Plaintiff's Action.**

24        Over one month after the announcement of the merger, Plaintiff brought this

25  purported class action challenging the merger and the Preliminary Proxy.  Dkt. 1.  Plaintiff

26  asserts four causes of action:  (1) Violations of Sections 14(a) and 14(e) of the Exchange

27  Act, against the Atheros Defendants; (2) Violations of Section 20(a) of the Exchange Act,

28

against the Directors, (3) Breach of Fiduciary Duties, against the Directors; and (4) Aiding and Abetting the Directors' Breach of Fiduciary Duty, against Atheros and Qualcomm. Compl., ¶¶ 110-137.

On February 15, 2011, Plaintiff filed a motion for a preliminary injunction seeking to enjoin the merger. Dkt. 6. The defendants opposed that motion, and sought to stay this action in favor of parallel state proceedings in the Delaware Court of Chancery. Dkt. 20, 22. Following full briefing of that motion and oral argument, this Court issued an order on March 4, 2011 staying Plaintiff's state law breach of fiduciary duty claims and denying Plaintiff's motion for a preliminary injunction. Dkt. 33.

Plaintiff's federal claims – the only claims not stayed by this Court – arise solely from alleged omissions in Atheros's Preliminary Proxy. Compl., ¶¶ 104-109. Yet Plaintiff nowhere points to any statements in that disclosure that were rendered false or misleading by the purported omissions, nor does he explain why the omission rendered any such statements false or misleading or allege why the omitted facts were material. Also conspicuously absent are any allegations of negligent conduct here. And despite the fact that the Proxy Disclosures were subjected to thorough scrutiny by the Delaware Court of Chancery and were subsequently supplemented by Atheros in scrupulous compliance with the Delaware Court of Chancery's directions (*see infra* Part II.C), Plaintiff has never amended his complaint to take account of any of those developments or additional disclosures.

### C. Parallel Delaware Proceeding.

After the announcement of the merger, thirteen separate class action complaints were filed against the defendants in the Santa Clara County Superior Court ("California State Court Actions") and Delaware Court of Chancery. The Delaware lawsuits were consolidated ("Delaware Action"), and motions for consolidation are pending in the California State Court Actions. The parties to the Delaware Action engaged in extensive

1   expedited discovery, including the production of nearly 10,000 pages of documents by the
2   Atheros Defendants and their financial advisor, and the taking of four depositions.
3       On February 25, 2011, the plaintiffs in the Delaware Action made a motion for a
4   preliminary injunction, seeking to enjoin the shareholder vote then scheduled for March 7,
5   2011. *In re Atheros Commc'ns., Inc. S'holder Litig.*, C.A. No. 6124-VCN (Del. Ch.). The
6   defendants responded to that motion on February 27, 2011, plaintiffs filed a reply
7   memorandum on February 28, 2011, and oral arguments on that motion were held on
8   March 1, 2011. *Id.* Those papers filed with respect to the motion attached nearly 1,500
9   pages of documents and deposition testimony.
10      Upon consideration of the motion papers, oral arguments and voluminous evidence,
11  the Delaware Court of Chancery issued its Order and Memorandum Opinion on March 4,
12  2011 ("March 4 Order"), granting in part and denying in part Plaintiff's motion. Esmaili
13  Decl., Ex. 4. The Delaware Court of Chancery found for the defendants on almost every
14  issue, and issued a very limited injunction on only two disclosure points. The Delaware
15  Court specifically held that: (i) plaintiffs failed to demonstrate a reasonable probability of
16  success on the merits of their claims challenging the adequacy of the Merger consideration
17  and the Atheros Board of Directors' process in negotiating and approving the Merger; and
18  (ii) plaintiffs failed to demonstrate a reasonable probability of success on the merits of their
19  claims that the Proxy Statement contains other material misstatements or omissions. *Id.* at
20  35. Based on the evidence before it, however, the Delaware Court found that plaintiffs had
21  demonstrated a reasonable probability of success on the arguments that (i) disclosure of the
22  date on which defendant Barratt learned that Qualcomm intended to employ him post-
23  merger was required in light of other disclosures concerning the process by which Barratt
24  negotiated potential employment with Qualcomm, and (ii) disclosure of the contingent fee
25  arrangement by which Qatalyst[2] will be compensated was required. *Id.* at 21-25, 29-32.

---

27  [2] "Qatalyst" refers to Qatalyst Partners, Atheros's financial advisor for purposes of the merger.

1  In compliance with the Delaware Court's March 4 Order, Atheros promptly
2  postponed the shareholder vote (until March 18, 2011) and issued Definitive Additional
3  Materials disclosing the information required by the Delaware Court of Chancery.  Esmaili
4  Decl., Ex. 3.  It is noteworthy that Atheros's share price moved only .07% following this
5  additional disclosure.  *See* www.finance.yahoo.com (showing Atheros's (ticker symbol:
6  ATHR) share price increase from $44.72 on March 7, 2011 to $44.75 on March 8, 2011).
7  On March 14, 2011, the Delaware Court of Chancery found that the Definitive
8  Additional Materials provided Atheros's stockholders with all the additional information
9  required by its March 4 Order and vacated its earlier Order enjoining the shareholder vote.
10  Esmaili Decl., Ex. 5.

11  **D.   The March 18, 2011 Shareholder Vote.**

12  That shareholder vote took place on March 18, 2011.  Atheros's stockholders voted
13  overwhelmingly to approve the merger, with only 0.2% of the outstanding common stock
14  voting against the merger.  That vote was disclosed by the company in an 8-K filed the
15  same day.  Esmaili Decl., Ex. 6.

16  **III.   ARGUMENT.**

17  **A.   The First Cause of Action (Violations of Sections 14(a) and 14(e) of the**
18  **1934 Act) Must Be Dismissed for Failure to State a Claim.**

19  **1.   Legal Standard.**

20  To state a private cause of action for violations of Section 14(a), a plaintiff must
21  allege that (i) the proxy being challenged contains a false or misleading statement, or omits
22  material facts necessary to make a statement not false or misleading, and (ii) the
23  misstatement or omission was the result of negligent conduct.  17 C.F.R. § 240.14a-9(a)
24  (2011); *Knollenberg v. Harmonic, Inc.*, No. 03-16238, 2005 WL 2980628, at *6 (9th Cir.
25  Nov. 8, 2005); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000); *In re*
26  *McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1262-63 (N.D. Cal. 2000);
27
28

1  *Shurkin v. Golden State Vintners, Inc.*, No. C 04-3434 MJJ, 2005 WL 1926620, at *10
2  (N.D. Cal. Aug. 10, 2005).
3        With respect to the first element, information is material only if there is "a
4  substantial likelihood that a reasonable shareholder would consider it important in deciding
5  how to vote." *In re McKesson HBOC*, 126 F. Supp. 2d at 1259. "Put another way, there
6  must be a substantial likelihood that the disclosure of the omitted fact would have been
7  viewed by the reasonable investor as having significantly altered the 'total mix' of
8  information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 448-49
9  (1976). For the negligence element, directors have a duty to make some determination of
10 the validity of the proxy materials submitted and to correct statements of facts which the
11 director knew or should have known were erroneous or misleading. *See SEC v. Falstaff*
12 *Brewing Corp.*, No. 77-894, 1978 WL 1120, at *22 (D.D.C. Oct. 28, 1978).
13       Plaintiff faces a high pleading burden. The PSLRA obligates Plaintiff to "specify
14 each statement alleged to have been misleading, the reason or reasons why the statement is
15 misleading, and, if an allegation regarding the statement or omission is made on
16 information and belief, the complaint shall state with particularity all facts on which that
17 belief is formed." 15 U.S.C. § 78u-4(b)(1) (2010); *Knollenberg*, 2005 WL 2980628, at *6
18 ("[T]he PSLRA pleading requirements apply to claims brought under Section 14(a) and
19 Rule 14a-9."); *Desaigoudar*, 223 F.3d at 1022-23, 1025 (applying PSLRA to claim under
20 Section 14(a) and Rule 14a-9); *In re McKesson HBOC*, 126 F. Supp. 2d at 1266-67 (same).
21 Plaintiff must plead this information in "great detail." *Shurkin*, 2005 WL 1926620, at *4
22 (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 974 (9th Cir. 1999)). This
23 heightened standard applies to both "the facts constituting the alleged violation and the
24 facts evidencing scienter." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1107-08 (9th Cir.
25 2010). For a Section 14 claim, Plaintiff need not plead intent, but must plead specific facts
26 giving rise to a strong inference of negligence. *In re McKesson HBOC*, 126 F. Supp. 2d at
27
28

1266-67 (requiring "a Section 14(a) plaintiff [to] plead with particularity facts that give rise to a strong inference of negligence.").

Moreover, under the *Twombly* standard, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Cutera Sec. Litig.*, 610 F.3d at 1107. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1205 (S.D. Cal. 2009).

### 2. Plaintiff Has Not Sufficiently Alleged, and Cannot Allege, the Elements of a Section 14(a) Claim.

Plaintiff's conclusory recitation of the elements of his Section 14(a) claim is insufficient to state a claim as a matter of law.

<u>First</u>, Plaintiff has not sufficiently alleged the existence of any "false or misleading statements or omissions." Plaintiff's federal claims are premised entirely on purported omissions. Yet he fails to identify a single statement of fact that any such "omissions" rendered false or misleading. He does not allege this even in conclusory terms, let alone in the "great detail" required under the PSLRA, which requires him to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1).

Nor has Plaintiff sufficiently alleged the materiality of any purported misstatements or omissions. Schedule 14A, as well as Regulations M-A and S-K, set forth all of the information that federal law requires to be disclosed in a proxy statement, such as the time and place of the stockholders meeting, dissenters' right of appraisal, the interests of certain persons in matters to be acted upon, and enumerated financial and company information. 17 C.F.R. § 229.1000, *et seq.* (2011); 17 C.F.R. § 229.10, *et seq.* (2008). Atheros's lengthy Proxy Disclosures provided this information. Plaintiff does not claim otherwise.

1       Plaintiff instead contends that the Preliminary Proxy failed to: (1) disclose
2  completely the sales process leading up to the merger, including the efforts to auction the
3  Company prior to entry into the Merger Agreement; (2) disclose the complete set of
4  financial projections relied upon by the Board and Qatalyst in rendering its fairness
5  opinion; (3) disclose the remuneration that Qatalyst expects to earn in connection with the
6  merger, including if any portion of their fee is contingent on consummation of the merger;
7  and (4) disclose all of the underlying methodologies, projections, key inputs, and multiples
8  relied upon and observed by Qatalyst in connection with the merger.  Compl., ¶¶ 104-109.
9       Plaintiff nowhere alleges that these facts are material.  All he says on this subject is
10 that: "[t]he Proxy fails to provide the Company's shareholders with material information
11 and/or provides them with materially misleading information thereby rendering the
12 shareholders unable to make an informed decision on whether to vote their shares in
13 support of the Merger."  Compl., ¶ 105.  Such "threadbare recitals of a cause of actions'
14 elements, supported by mere conclusory statements" fail to state a claim under *Twombly*,
15 and certainly do not satisfy the PSLRA, which requires Plaintiff to allege specific facts
16 demonstrating why the statement or omission is materially misleading.  *Ashcroft v. Iqbal*,
17 129 S. Ct. 1937, 1940-41 (2009); 15 U.S.C. § 78u-4(b)(1).
18      Plaintiff ignores the disclosures actually made in the Preliminary Proxy, and never
19 even bothered to amend his Complaint following Atheros's supplemental disclosures.
20 Thus, among other factual defects, his pleading suffers from the basic flaw that much of the
21 purportedly "omitted" information was, in fact, disclosed.  First, contrary to Plaintiff's
22 claim that the sales process leading up to the proposed merger had not been "described
23 completely," Atheros's disclosures contained an extremely detailed 10-page description of
24 the negotiation history leading up to the merger.  That description was approved as
25 sufficient by the Delaware Court of Chancery.  Compl., ¶ 105; Esmaili Decl., Ex. 1 at 17-
26 26, Ex. 2 at 16-25; Ex. 4.  Second, the Proxy Disclosures also contained a 9-page discussion
27 of the underlying methodologies, projections, key inputs and multiples relied on and
28

- 9 -
ATHEROS DEFENDANTS' MOTION TO DISMISS

1  observed by Qatalyst. Compl., ¶¶ 106, 109; Esmaili Decl., Ex. 1 at 29-37, Ex. 2 at 28-36.
2  Third, the details of Qatalyst's remuneration have been disclosed to the satisfaction of the
3  Delaware Court of Chancery. Compl., ¶ 107; Esmaili Decl., Exs. 3-5. Finally, contrary to
4  Plaintiff's claim, the Proxy Disclosures make it clear that Qatalyst did consider stock-based
5  compensation in its discounted cash flow methodology. Compl., ¶ 106(b); Esmaili Decl.,
6  Ex. 1 at 32, Ex. 2 at 31.
7        To the extent Plaintiff alleges that Atheros should have disclosed additional granular
8  details concerning projections, inputs and multiples relied upon and observed by Qatalyst,
9  he is wrong as a matter of law. Atheros disclosed ample information concerning Qatalyst's
10 analysis – including the projections, inputs and multiples relied upon to conduct the fairness
11 opinion – despite the fact that such details are not even required to be disclosed under
12 federal law. *See, e.g., Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1221-22 (9th Cir. 1980)
13 (no requirement to disclose financial projections because of a distrust of the reliability of
14 such materials and perception that they are too speculative to be considered fact). Any
15 additional disclosure certainly would be immaterial under federal law. *See id.*; *Marsh v.*
16 *Armada Corp.*, 533 F.2d 978, 987 (6th Cir. 1976) ("The failure to make a projection of
17 future earnings of an acquired company in a merger proxy statement is not actionable"
18 under federal securities laws). Put simply, the disclosures required by Section 14(a) are
19 "not without limit," because "[s]ome information is of such dubious significance that
20 insistence on its disclosure may accomplish more harm than good." *TSC Indus., Inc.*, 426
21 U.S. at 448-49. Here, Atheros has gone above and beyond what the law requires by fully
22 disclosing, in great detail, the projections actually used by Qatalyst to value Atheros. *See*
23 Esmaili Decl., Ex. 1 at 29-37, Ex. 2 at 28-36. The law requires no more.
24       <u>Second</u>, even if Plaintiff could plead that any statements or omissions were false or
25 misleading (which he cannot), he could never plead the requisite state of mind as required
26 under the PSLRA. Plaintiff's only state of mind allegation is that: "in the exercise of
27 reasonable care, Atheros and the Individual Defendants should have known that the Proxy
28

- 10 -
ATHEROS DEFENDANTS' MOTION TO DISMISS

is materially misleading and omits material facts that are necessary to render them non-misleading." Compl., ¶ 114. This conclusory recitation of the element is wholly deficient. *See In re McKesson HBOC*, 126 F. Supp. 2d at 1267 (allegations that defendants "acted negligently and without due care" in connection with proxy statement containing "false and misleading statements omissions [sic] … fail under the Reform Act."). It tells us nothing about what Plaintiff contends constitutes the alleged breach of the Atheros Defendants' duties. Was the purported negligence in connection with a failure to ascertain certain facts, a failure to state certain known facts, a failure to state facts in a way that was not misleading? We simply cannot tell.

Nor can Plaintiff plead state of mind where the circumstances here completely negate any possible inference of negligence. The Delaware Court of Chancery examined the Proxy Disclosures in detail, along with nearly fifteen hundred pages of evidence, and identified only two narrow disclosures that Atheros needed to make prior to the shareholder vote; Atheros made those necessary additional disclosures *before* any shareholder vote took place; and the Delaware Court of Chancery determined that, with those additional disclosures, the shareholder vote could proceed. Esmaili Decl., Exs. 3-5. Under these circumstances, it was reasonable for the Atheros Defendants to believe the Proxy Disclosures contained all necessary information and that the vote should go forward. As a result, Plaintiff cannot allege that the Atheros Defendants acted negligently with respect to the Proxy Disclosures, as he must to state a Section 14 claim. *See In re McKesson HBOC*, 126 F. Supp. 2d at 1266-68 (dismissing section 14 claim for failure to plead with particularity facts creating a strong inference of negligence where facts concerning reliance on accountants negated strong inference of negligence).[3]

---

[3] Certainly Plaintiff cannot allege that there has been any shareholder reliance on, or injury resulting from, the Preliminary Proxy based on these facts. *See, e.g., Taro Pharm. Indus., Ltd. v. Sun Pharm. Indus., Ltd.*, No. 09 Civ. 8262 (PGG), 2010 WL 2835548 (S.D.N.Y. July 13, 2010) (dismissing disclosure claims where defendant made curative disclosure by annexing the complaint to tender offer).

Because Plaintiff cannot allege materiality of the purportedly missing information, and because of the circumstances leading up to the shareholder vote, no amendment can cure Plaintiff's defective pleading. This motion to dismiss should be granted with prejudice.

### 3. Section 14(e) Is Inapplicable

Section 14(e) applies to false or misleading statements in connection with tender offers. 15 U.S.C. § 78n(e) (2002). That section provides:

> (e) Untrue statement of material fact or omission of fact with respect to tender offer. It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, ***in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation***.

*Id.* (emphasis added); *see also Lewis v. McGraw*, 619 F.2d 192, 195 (2d Cir. 1980) ("Section 14(e) … has as its 'sole purpose' the 'protection of investors who are confronted with a tender offer'") (internal citations omitted). The merger did not involve a tender offer. Section 14(e) is, thus, inapplicable to this case here and Plaintiff's Section 14(e) claim must be dismissed with prejudice.

### B. The Second Cause of Action (Violations of Section 20(a) of the 1934 Act) Against the Directors Must Be Dismissed for Failure to State a Claim

Section 20(a) of the Exchange Act requires a primary violation of Section 14(a). *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996). Because Plaintiff has not stated a claim under Section 14(a), his secondary claim for control person liability also must be dismissed with prejudice. *Id.*

//

//

## IV. CONCLUSION.

For the foregoing reasons, the Court should grant the Atheros Defendants' motion to dismiss with prejudice.

Dated: April 11, 2011

PILLSBURY WINTHROP SHAW PITTMAN LLP
2475 Hanover Street
Palo Alto, CA 94304-1114

By  */s/ David M. Furbush*
David M. Furbush

Attorneys for Defendants Atheros Communications, Inc., Willy C. Shih, Teresa H. Meng, Craig H. Barratt, Andrew S. Rappaport, Dan A. Artusi, Charles E. Harris, Marshall L. Mohr, and Christine King