**\*E-FILED 06-15-2011\***

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    DAVID M. FURBUSH  # 83447
2   2475 Hanover Street
    Palo Alto, CA 94304-1114
3   Telephone: (650) 233-4500
    Facsimile: (650) 233-4545
4   david.furbush@pillsburylaw.com

5   RANAH L. ESMAILI  # 233477
    1540 Broadway
6   New York, NY 10036-4039
    Telephone: (212) 858-1000
7   Facsimile: (212) 858-1500

8   PILLSBURY WINTHROP SHAW PITTMAN LLP
    AMY L. PIERCE  # 210539
9   amy.pierce@pillsburylaw.com
    2600 Capitol Avenue, Suite 300
10  Sacramento, CA  95816-5930
    Telephone:  (916) 329-4700
11  Facsimile:  (916) 441-3583

12  Attorneys for Defendants Atheros Communications,
    Inc., Dr. Willy C. Shih, Dr. Teresa H. Meng,
13  Craig H. Barratt, Andrew S. Rappaport, Dan A. Artusi,
    Charles E. Harris, Marshall L. Mohr, and Christine King

14

15               UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17                 SAN JOSE DIVISION

| | |
|---|---|
| 18   ———————————————    ) | |
| 19   JOEL KRIEGER, Individually and on Behalf ) <br>   of All Others Similarly Situated,    ) | Case No. 11-CV-00640 LHK |
| 20                          ) <br>                     Plaintiff, ) | **<u>Class Action</u>** |
| 21      vs.                   ) <br>                        ) | **STIPULATION AND ~~[PROPOSED]~~ ORDER GOVERNING THE** |
| 22   ATHEROS COMMUNICATIONS, INC., ) <br>   DR. WILLY C. SHIH, DR. TERESA H. ) | **PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY** |
| 23   MENG, DR. CRAIG H. BARRATT,   ) <br>   ANDREW S. RAPPAPORT, DAN A. ) | **CONFIDENTIAL INFORMATION** |
| 24   ARTUSI, CHARLES E. HARRIS,    ) | |
| 25   MARSHALL L. MOHR, CHRISTINE ) <br>   KING, QUALCOMM INCORPORATED, ) | Judge:   Hon. Lucy H. Koh <br> Date Action Filed:  February 10, 2011 |
| 26   and T MERGER SUB, INC.,      ) | **[Re:  Docket No. 43]** |
| 27                 Defendants. ) | **MODIFIED BY THE COURT** |
| 28   ———————————————    ) | |

1    WHEREAS, the parties in the above-captioned action (the "Parties") and any appeal

2    therein (the "Litigation") are engaged in proceedings that may include, among other things,

3    the sharing of confidential or proprietary information;

4    WHEREAS, the Parties and/or their shareholders could be jeopardized or prejudiced

5    by the disclosure of non-public financial data, business strategies, product or operational

6    information or other highly sensitive, confidential, privileged, proprietary or otherwise

7    commercially-sensitive information or documents;

8    WHEREAS, the Parties have been given access to certain information which the

9    Parties believe to be confidential, sensitive, personal, commercial, financial or business

10   information;

11   WHEREAS, good cause exists for entry of this Stipulation and Order Governing the

12   Production and Exchange of Confidential and Highly Confidential Information (the

13   "Stipulation and Order"); and

14   WHEREAS, the entry of this Stipulation and Order will promote the fair and

15   expeditious resolution of this Litigation;

16   IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rules of Civil

17   Procedure 26(c) and Civil Local Rule 79-5, by and among the Parties hereto through their

18   undersigned counsel, subject to the approval of the Court, that this Stipulation and Order

19   shall govern the handling of documents, depositions upon oral examination, depositions

20   upon written questions, deposition exhibits, responses to interrogatories, responses to

21   requests for admission, responses to requests for documents, expert reports, any written,

22   recorded, graphic or other electronic matter and any other information produced, filed with

23   or submitted to the Court and/or given or exchanged in this Litigation, by or among any

24   Party or non-Party ("Discovery Material").

25   1.    Any Party or non-Party who provides Discovery Material (a "Producing

26   Party") may designate any Discovery Material as "Confidential" under the terms of this

27   Stipulation and Order if the Producing Party in good faith reasonably believes that such

28   Discovery Material contains non-public, confidential, proprietary, commercially sensitive

1   or personal information, that requires the protections provided in this Stipulation and Order

2   (hereinafter "Confidential Discovery Material").  For purposes of this Stipulation and

3   Order, Discovery Material considered to be Confidential Discovery Material may include,

4   without limitation, all non-public materials containing:  (i) financial or business plans or

5   projections; (ii) trade secrets and proprietary technical information; (iii) studies or analyses

6   by internal or outside experts or consultants; (iv) financial or accounting results or data;

7   (v) customer lists, bids, solicitations and information; (vi) competitive analyses;

8   (vii) personnel files or data; (viii) product development and planning; (ix) personal

9   financial, tax or employment information; (x) business, management and marketing plans

10  and strategies; (xi) costs of goods and services; (xii) pricing of goods and services;

11  (xiii) acquisition offers and expressions of interest; (xiv) contracts or agreements with

12  customers, employees, affiliates or partners; (xv) complaints, disputes, litigation, mediation

13  or arbitration with customers, suppliers, employees, affiliates or partners; (xvi) stockholder

14  lists, registers and data; and (xvii) any other information a Producing Party believes to be

15  commercially sensitive or personal information.

16          2.      Any Producing Party may designate any Confidential Discovery Material as

17  "Highly Confidential" under the terms of this Stipulation and Order if such Producing Party

18  in good faith reasonably believes that disclosure of the Confidential Discovery Material

19  (other than as expressly permitted pursuant to this Stipulation and Order) would unduly

20  harm the commercial, financial or business interests of such Producing Party, or would

21  otherwise create an undue risk of injury to such Producing Party that would not exist in the

22  absence of such disclosure ("Highly Confidential Discovery Material").  For purposes of

23  this Stipulation and Order, Highly Confidential Discovery Material may include, but is not

24  limited to,  proposed strategic transactions and other business combinations, negotiations,

25  inquiries or agreements including, but not limited to, joint ventures, mergers, purchases,

26  buy-outs, consolidations, transfers of interests and partnerships, non-public information

27  constituting trade secrets or other current proprietary technical information, current pricing

28

1    or cost information or information regarding customer contracts, financial or business plans

2    or projections.

3           3.       The designation of Discovery Material as Confidential Discovery Material

4    or Highly Confidential Discovery Material shall be made in the following manner:

5                   A.       In the case of documents or other materials (apart from depositions

6    or other pretrial testimony), by:  (i) affixing the legend "Confidential" or "Highly

7    Confidential" to each page containing any Confidential Discovery Material or Highly

8    Confidential Discovery Material, respectively; or (ii) in the case of electronically stored

9    information produced in native format, by including "Confidential" or "Highly

10    Confidential" in the file or directory name, or by affixing the legend "Confidential" or

11    "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD-Rom,

12    Floppy Disk, DVD).

13                   B.       In the case of depositions or other pretrial testimony, by:  (i) a

14    statement on the record, by counsel, at or before the conclusion of the deposition or

15    testimony; or (ii) written notice, sent by counsel to all Parties within five (5) business days

16    after receiving a copy of the final transcript of the deposition or testimony; provided that

17    only those portions of the transcripts designated as Confidential Discovery Material or

18    Highly Confidential Discovery Material shall be deemed Confidential Discovery Material

19    or Highly Confidential Discovery Material, respectively.  In both of the foregoing

20    instances, the designating Party or non-Party shall direct the court reporter that the

21    appropriate confidentiality legend be affixed to the first page and/or all portions of the

22    original and all copies of any transcript containing Confidential Discovery Material and/or

23    Highly Confidential Discovery Material.  The Parties may modify this procedure for any

24    particular deposition or other pretrial testimony, through agreement on the record at such

25    deposition or testimony, without further order of the Court.  Unless otherwise agreed by the

26    Parties, such testimony shall be treated as Highly Confidential Discovery Material until the

27    time for designation has passed.

28

1    C.    In the case of any other Discovery Material, by written notice at the

2    time of production that the Discovery Material constitutes Confidential Discovery Material

3    or Highly Confidential Discovery Material, as appropriate.

4    4.    The designation of Discovery Material as Confidential Discovery Material

5    or Highly Confidential Discovery Material shall constitute a representation that such

6    Discovery Material has been reviewed by an attorney representing the Party making the

7    designation, and that there is a good faith basis for such designation.

8    5.    Inadvertent failure to designate Discovery Material as Confidential

9    Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver

10   of such claim and may be corrected:  (i) by supplemental written notice designating such

11   Discovery Material as Confidential Discovery Material or Highly Confidential Discovery

12   Material as soon as such inadvertent failure to designate is discovered; or (ii) in a manner

13   consistent with Paragraph 3.  Upon receiving such supplemental written notice, the non-

14   Producing Party shall thereafter treat the Discovery Material so designated as Confidential

15   Discovery Material or Highly Confidential Discovery Material, accordingly, and such

16   Discovery Material shall be fully subject to this Stipulation and Order from the date of such

17   notification forward.  In addition, upon receiving such supplemental written notice, any

18   receiving party that disclosed the Discovery Material prior to its designation as Confidential

19   Discovery Material or Highly Confidential Discovery Material shall make a good faith

20   effort (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that

21   any documents or other materials derived from such Discovery Material are treated as if the

22   Discovery Material had been designated as Confidential Discovery Material or Highly

23   Confidential Discovery Material when originally produced, (iii) to ensure that such

24   Discovery Material is not further disclosed except in accordance with the terms of this

25   Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any

26   information derived therefrom, is used solely for the purposes described in Paragraph 10 of

27   this Stipulation and Order.

28

1      6.      Confidential Discovery Material may be disclosed, summarized, described,

2  characterized or otherwise communicated or made available in whole or in part only to the

3  following persons:

4          A.      Outside counsel and inside counsel for the Parties, and the partners,

5  associates, paralegals, secretaries, clerical, regular and temporary employees, and service

6  vendors of such counsel (including outside copying services and outside litigation support

7  services) who are assisting in the preparation and trial of this Litigation;

8          B.      The Parties, including the directors, officers, employees (including

9  but not limited to inside counsel), management personnel and/or advisors and partners of

10  the Parties or any subsidiary or affiliate thereof, who are assisting the Parties in this

11  Litigation, or who appear as witnesses or deponents, and any professional employee of any

12  person providing professional advice to any of the corporate Parties;

13          C.      Any person indicated on the face of a document or accompanying

14  correspondence to be the author, addressee, or an actual or intended recipient of the

15  document;

16          D.      Subject to Paragraph 8 hereof, experts or consultants assisting

17  counsel for the Parties, and the partners, associates, secretaries, clerical, regular and

18  temporary employees, and service vendors of such experts or consultants (including outside

19  copying services and outside litigation support services) who are assisting in the preparation

20  and/or trial of this Litigation;

21          E.      Witnesses or deponents and their counsel, only to the extent

22  necessary to conduct or prepare for depositions or testimony in this Litigation;

23          F.      The Court, persons employed by the Court, and court reporters

24  transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom; and

25          G.      Any other person only upon (i) order of the Court entered upon

26  notice to the Parties or (ii) written agreement of, or statement on the record by, the

27  Producing Party who provided the Discovery Material being disclosed that such Producing

28  Party consents to such disclosure, and provided that such person signs an undertaking in the

1    form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and

2    conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the

3    purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or

4    use any Confidential Discovery Material or Highly Confidential Discovery Material in a

5    manner or for purposes other than those permitted hereunder.

6         7.     Highly Confidential Discovery Material may be disclosed, summarized,

7    described, characterized or otherwise communicated or made available in whole or in part

8    only to the following persons:

9              A.     Outside counsel for the Parties, and the partners, associates,

10   paralegals, secretaries, clerical, regular and temporary employees, and service vendors of

11   such counsel (including outside copying services and outside litigation support services)

12   who are assisting in the preparation and trial of this Litigation;

13             B.     Any person indicated on the face of a document or accompanying

14   correspondence to be the author, addressee, or an actual or intended recipient of the

15   document;

16             C.     Subject to Paragraph 8 hereof, experts or consultants assisting

17   counsel for the Parties, and partners, associates, secretaries, clerical, regular and temporary

18   employees, and service vendors of such experts or consultants (including outside copying

19   services and outside support services) who are assisting in the preparation and/or trial of

20   this Litigation;

21             D.     Witnesses or deponents and their counsel, during a deposition or in a

22   court proceeding in this Litigation, only to the extent necessary to conduct that deposition

23   or proceeding;

24             E.     The Court, persons employed by the Court, and court reporters

25   transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom; and

26             F.     Any other person only upon (i) order of the Court entered upon

27   notice to the Parties or (ii) written agreement of, or statement on the record by, the

28   Producing Party who provided the Discovery Material being disclosed that such Producing

1    Party consents to such disclosure, and provided that such person signs an undertaking in the

2    form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and

3    conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for the

4    purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or

5    use any Confidential Discovery Material or Highly Confidential Discovery Material in a

6    manner or for purposes other than those permitted hereunder.

7            8.      Notwithstanding the above, Confidential Discovery Material or Highly

8    Confidential Discovery Material may be provided to experts or consultants only to the

9    extent necessary for such expert or consultant to prepare a written opinion, to prepare to

10    testify, or to assist counsel or the Parties, provided that (i) such expert or consultant is using

11    said Discovery Material solely in connection with the prosecution or defense of this

12    Litigation, (ii) such expert or consultant is not currently an employee of, or advising or

13    discussing employment with, or a consultant to, any person known or reasonably believed

14    to be a competitor of any Party or to be a potential transaction counterparty of any Party to

15    this Litigation, and (iii) such expert or consultant has previously executed an undertaking in

16    the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and

17    conditions of this Stipulation and Order, consenting to the jurisdiction of this Court for

18    purposes of enforcement of the terms of this Stipulation and Order, and agreeing not to

19    disclose or use any Confidential Discovery Material or Highly Confidential Discovery

20    Material for purposes other than those permitted hereunder.  Counsel for the Party

21    disclosing Confidential Discovery Material or Highly Confidential Discovery Material to an

22    expert or consultant shall be responsible for obtaining such signed undertaking and

23    retaining the original, executed copy thereof; provided that non-Party witnesses to whom

24    Confidential Discovery Material or Highly Confidential Discovery Material is first

25    disclosed at deposition or trial need not be required to execute an undertaking in order to be

26    bound by the terms hereof.

27            9.      When serving subpoenas on non-Parties, a copy of this Stipulation and Order

28    (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly

1    incorporate by reference the terms of this Stipulation and Order.  Any Party that has already

2    served a subpoena on a non-Party, shall serve a copy of this Stipulation and Order on such

3    non-Party (including Exhibit A).

4            10.     Discovery Material, or information derived therefrom, shall be used solely

5    for purposes of this Litigation and shall not be used or disclosed for any other purpose,

6    including, without limitation, for any business or commercial purpose or for any other

7    litigation or proceeding.

8            11.     Any pleading, brief, memorandum, motion, letter, affidavit, or other

9    document filed with the Court, which discloses, summarizes, describes, characterizes or

10   otherwise communicates Confidential Discovery Material or Highly Confidential Discovery

                        **submitted with a request for sealing**

11   Material (a "Filing Under Seal"), shall be ~~filed under seal~~ in accordance with the provisions

12   of Civil Local Rule 79-5, and any other Orders of this Court;

13           12.     During the pendency of this Litigation, any Party objecting to the

14   designation of any Discovery Material as Confidential Discovery Material or Highly

15   Confidential Discovery Material may, after making a good faith effort to resolve any such

         **seek judicial intervention pursuant to the undersigned's Standing Order re Civil Discovery**

16   objection. ~~move on reasonable notice for an order vacating the designation~~.  While such an    **Disputes.**
                ^

17   application is pending, the Discovery Material or testimony in question shall be treated

18   consistently with the manner in which it was designated.  The provisions of this Paragraph

19   are not intended to shift the burden of establishing confidentiality.

20           13.     Entering into, agreeing to and/or producing or receiving Confidential

21   Discovery Material or Highly Confidential Discovery Material or otherwise complying with

22   the terms of this Stipulation and Order shall not:

23                   A.     Operate as or constitute a waiver of any attorney-client, work product

24   or other privilege;

25                   B.     Prejudice in any way the rights of any Party or Producing Party to

26   object to the production of documents or information they consider not subject to discovery,

27   including pursuant to the automatic stay of discovery provided by the Private Securities

28   Litigation Reform Act, or operate as an admission by any Party or Producing Party that the

1  restrictions and procedures set forth herein constitute adequate protection for any particular

2  information;

3          C.      Prejudice in any way the rights of any Party or Producing Party to

4  object to the authenticity or admissibility into evidence of any Discovery Material;

5          D.      Operate as an admission by any Party or Producing Party that any

6  particular Discovery Material constitutes either Confidential Discovery Material or Highly

7  Confidential Discovery Material;

8          E.      Prejudice in any way the rights of any Party or Producing Party to

9  seek a determination by the Court whether any Discovery Material or Confidential

10  Discovery Material or Highly Confidential Discovery Material should be subject to the

11  terms of this Stipulation and Order;

12          F.      Prejudice in any way the rights of any Party or Producing Party to

13  petition the Court for a further protective order relating to any purportedly Confidential

14  Discovery Material or Highly Confidential Discovery Material; or

15          G.      Prevent any Party or Producing Party from agreeing to alter or waive

16  the provisions or protections provided for herein with respect to any particular Discovery

17  Material.

18      14.    This Stipulation and Order has no effect upon, and shall not apply to, a

19  Producing Party's use or disclosure of its own Discovery Material for any purpose.

20  Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery

21  Material; or (ii) impose any restrictions on the use or disclosure by a Party of documents,

22  materials or information designated as Confidential Discovery Material or Highly

23  Confidential Discovery Material obtained lawfully by such Party independently of the

24  discovery proceedings in this Litigation and not otherwise subject to confidentiality

25  restrictions.

26      15.    If Discovery Material that is subject to a claim of attorney-client privilege,

27  attorney work product or any other applicable privilege, immunity or ground for

28  withholding such document from production is inadvertently produced or disclosed

1   ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice

2   or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege,

3   work product or other applicable privilege, immunity or ground for withholding such

4   document from production.

5           A.     A claim of inadvertent production shall constitute a representation by

6   that Party that the Inadvertent Production Material has been reviewed by an attorney for

7   such Party and that there is a good faith basis for such claim of inadvertent production.

8           B.     If a claim of inadvertent production is made pursuant to this

9   Stipulation and Order, with respect to Discovery Material then in the custody of another

10  Party, that Party shall:  (i) refrain from any further examination or disclosure of the claimed

11  Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to

12  return the claimed Inadvertent Production Material and all copies thereof (including

13  summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed

14  Inadvertent Production Material (including summaries and excerpts) and certify in writing

15  to that fact; and (iii) not use the Inadvertent Production Material for any purpose until

16  further order of the Court.

17          C.     A Party may move the Court for an order compelling production of **Subject to Paragraph 27,** ^

18  the claimed Inadvertent Production Material.  The motion shall be filed ~~under seal~~ and shall **in compliance with Civil Local Rule 79-5 as necessary** ^

19  not assert as a ground for entering such an order the fact or circumstance of the inadvertent

20  production; nor shall such motion include or otherwise disclose, as an attachment or exhibit

21  or otherwise, the Inadvertent Production Material (or any portion thereof) which is the

22  subject of such motion.  While such a motion is pending, the Discovery Material in

23  question shall be treated in accordance with Paragraph 16(B) above.

24          D.     If a Party, in reviewing Discovery Material it has received from the

25  other Party or any non-Party, finds anything it believes in good faith may be Inadvertent

26  Production Material, that Party shall:  (i) refrain from any further examination or disclosure

27  of the potentially Inadvertent Production Material; (ii) promptly identify the material in

28  question to the Producing Party (by document number or other equally precise description);

1   and (iii) give the Producing Party ten (10) days to respond as to whether the material was,

2   in fact, inadvertently produced.  If the Producing Party makes a claim of inadvertent

3   production, the provisions of Paragraph 16(B) above shall apply.

4        16.      In the event additional parties are joined in this Litigation, they shall not

5   have access to Confidential Discovery Material or Highly Confidential Discovery Material

6   until the newly-joined party has executed and, at the request of any Party, filed with the

7   Court its agreement to be fully bound by, this Stipulation and Order.

8        17.      Non-Parties who are Producing Parties shall have the benefit of this

9   Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound

10  hereby.

11       18.      The Parties agree to be bound by the terms of this Stipulation and Order

12  pending the entry of this Stipulation and Order by the Court, and any violation of its terms

13  during that time shall be subject to the same sanctions and penalties as if this Stipulation

14  and Order has been entered by the Court.

15       19.      The provisions of this Stipulation and Order shall, absent written permission

16  of the Producing Party or further order of the Court, continue to be binding throughout and

17  after the conclusion of this Litigation, including without limitation any appeals therefrom.

18       20.      Within ninety (90) days after receiving notice of the entry of an order,

19  judgment or decree finally disposing of this Litigation, including any appeal therefrom, in

20  which Confidential Discovery Material or Highly Confidential Discovery Material is

21  permitted to be used, and upon the written request of the Producing Party, all **Parties and Non-Parties** ~~persons~~

22  having received Confidential Discovery Material or Highly Confidential Discovery

23  Material shall either make a good faith effort to return such material and all copies thereof

24  (including summaries and excerpts) to counsel for the Producing Party (at the expense of

25  the Producing Party), or destroy all such Confidential Discovery Material or Highly

26  Confidential Discovery Material and certify to that fact.  However, counsel for the Parties

27  shall be entitled to retain court papers, correspondence, pleadings, deposition and trial

28  transcripts, exhibits and attorney work product (which include within them references to

1   Confidential or Highly Confidential Materials), provided that such counsel (and employees

2   of such counsel) shall not disclose the court papers, deposition and trial transcripts or

3   attorney work product to any person except pursuant to a court order or agreement with the

4   Producing Party.

5       21.     In the event that any Confidential Discovery Material or Highly Confidential

6   Discovery Material is used in any court proceeding in this Litigation or any appeal

7   therefrom, said Confidential Discovery Material or Highly Confidential Discovery Material

8   shall not lose its status as Confidential Discovery Material or Highly Confidential

9   Discovery Material through such use unless such Discovery Material becomes part of the

10  public record in this case.  Prior to any Court proceeding in which Confidential Discovery

11  Material or Highly Confidential Discovery Material is to be used, counsel shall confer on

12  such procedures as are necessary to protect such Discovery Material.

13      22.     If a Party in receipt of Confidential Discovery Material or Highly

14  Confidential Discovery Material pursuant to this Stipulation and Order (a "Receiver")

15  receives a subpoena or other compulsory process from a non-Party to this Stipulation and

16  Order seeking production or other disclosure of such Confidential Discovery Material or

17  Highly Confidential Discovery Material, the Receiver shall give written and telephone

18  notice to counsel for the Producing Party within five (5) business days after receipt of the

19  subpoena or other compulsory process identifying the Confidential Discovery Material or

20  Highly Confidential Discovery Material sought and enclosing a copy of the subpoena or

21  other compulsory process.  Except as otherwise ordered by a court of competent

22  jurisdiction, the Receiver shall not produce the Confidential Discovery Material or Highly

23  Confidential Discovery Material called for until the earlier of (a) receipt of written notice

24  from the Producing Party that the Producing Party does not object to production of the

25  Confidential Discovery Material or Highly Confidential Discovery Material or

26  (b) resolution of any objection asserted by the Producing Party; provided however that the

27  burden of opposing the enforcement of the subpoena or document demand shall fall solely

28  upon the Party who produced or designated the Confidential or Highly Confidential

1    Discovery Material, and unless the Party who produced or designated the Confidential or

2    Highly Confidential Discovery Material submits a timely objection seeking an order that

3    the subpoena or document demand not be complied with, and serves such objection upon

4    the Receiver prior to production pursuant to the subpoena or document demand, the

5    Receiver shall be permitted to produce documents responsive to the subpoena or document

6    demand on the response date.  Subject to the immediately proceeding sentence, compliance

7    by the Receiver with any order, rule, or statute directing production pursuant to the

8    subpoena or document demand of any Confidential or Highly Confidential Discovery

9    Material shall not constitute a violation of this Stipulation and Order.  Nothing herein shall

10    be construed as requiring the Receiver or anyone else covered by this Stipulation and Order

11    to challenge or appeal any order directing production of Confidential or Highly

12    Confidential Discovery Material covered by this Stipulation and Order, or to subject

13    himself or itself to any penalties for non-compliance with a legal process or order, or to

14    seek any relief from this Court.  In the event that such Discovery Material containing

15    Confidential Discovery Material or Highly Confidential Discovery Material is produced to

16    the non-Party, the Receiver shall use reasonable efforts to secure treatment of those

17    materials by the non-Party in accordance with this Stipulation and Order.

18          23.    This Stipulation and Order applies to all Discovery Material produced in this

19    Litigation or exchanged between the Parties in connection with this Litigation, whether

20    produced before or after the entry of this Stipulation and Order and whether produced by a

21    Party or non-Party.

22          24.    No person receiving or having access to any Confidential Discovery

23    Material or Highly Confidential Discovery Material shall reveal such Confidential

24    Discovery Material or Highly Confidential Discovery Material, or the information

25    contained therein, to anyone not entitled to receive such Confidential Discovery Material or

26    Highly Confidential Discovery Material under the terms of this Stipulation and Order.  If

27    Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to

28    any person other than in the manner authorized by this Stipulation and Order, the Party

STIP. AND [PROPOSED] ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF INFORMATION
Case No. 11-CV-00640 LHK

1    responsible for the disclosure shall immediately inform the Producing Party of all pertinent

2    facts relating to the disclosure, including the name, address, and employer of each person to

3    whom the disclosure was made.  The Party responsible for the disclosure shall also make

4    reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly

5    Confidential Discovery Material by each unauthorized person who receives the

6    information.

7          25.     This Stipulation and Order may be changed only by further agreement of all

8    Parties in writing, subject to the approval of the Court, or by order of the Court, and is

9    without prejudice to the rights of any Party to seek modification of this Stipulation and

10    Order by application to the Court on notice to the other Parties hereto.

11         26.     Nothing in this Stipulation and Order shall preclude any Party from seeking

12    judicial relief, in good faith and upon notice to the other Parties, with regard to any

13    provision hereof.

14    **27.     In the event of any discovery dispute, the parties shall comply with the**

15  //  **undersigned's Standing Order re Civil Discovery Disputes.**

16    **28.     For a period of six months after the final termination of this action,**

17  //  **including any appeal, this court will retain jurisdiction to enforce the terms of this order.**

18

19  //

20

21

22

23

24

25

26

27

28

    STIP. AND [PROPOSED] ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF INFORMATION
Case No. 11-CV-00640 LHK

1    Nothing in this Stipulation and Order shall be construed to be a waiver of the Private

2    Securities Litigation Reform Act discovery stay.

3

4    Dated:  June 8, 2011.
                                              FARUQI & FARUQI LLP
5

6
                                              By    /s/ Vahn Alexander
7                                                 Vahn Alexander
                                                  (310) 461-1426
8                                                 Attorneys for Plaintiff
                                                  JOEL KRIEGER
9
     Dated:  June 8, 2011.
10                                            PILLSBURY WINTHROP SHAW PITTMAN LLP

11

12                                            By    /s/ David M. Furbush
                                                  David M. Furbush
13                                                (650) 233-4623
                                                  Attorneys for Defendants
14                                                ATHEROS COMMUNICATIONS, INC.
                                                  WILLY C. SHIH, TERESA H. MENG,
15                                                CRAIG H. BARRATT, ANDREW S.
                                                  RAPPAPORT, DAN A. ARTUSI,
16                                                CHARLES E. HARRIS, MARSHALL
                                                  L. MOHR, CHRISTINE KING
17

18   Dated:  June 8, 2011.
                                              DLA PIPER LLP (US)
19

20                                            By    /s/  David Priebe
                                                  David Priebe
21                                                (650) 833-2056
                                                  Attorneys for Defendants
22                                                QUALCOMM INCORPORATED and T
                                                  MERGER SUB, INC.
23
            **PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,**
24          SO ORDERED.
                 ^
25

26   Dated:_____June 15, 2011_____        _____
                                              Hon. ~~Lucy H. Koh~~ Howard R. Lloyd
27                                            Unites States ~~District Court~~ Judge
                                                        Magistrate
28

STIP. AND ~~[PROPOSED]~~ ORDER GOVERNING THE
                                        PRODUCTION AND EXCHANGE OF INFORMATION
                                                  Case No. 11-CV-00640 LHK

1    **Exhibit A**

2    AGREEMENT TO BE BOUND BY STIPULATION
     AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE
3    OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

4

5            I have read the Stipulation And Order Governing The Production And Exchange Of

6    Confidential And Highly Confidential Information (the "Stipulation and Order") in the

7    above-captioned action.  I understand its terms and agree to be fully bound by them and

8    hereby submit to the jurisdiction of the United States District Court for the Northern

9    District of California for purposes of enforcement of the Stipulation.  I further agree not to

10   disclose or use any Confidential Discovery Material or Highly Confidential Discovery

11   Material (as defined in the Stipulation and Order) for purposes other than those permitted

12   under the Stipulation and Order.

13   Dated:  _____

14                                                    Signature _____

15                                                    Name _____

16                                                    Affiliation _____

17

18

19

20

21

22

23

24

25

26

27

28

STIP. AND [PROPOSED] ORDER GOVERNING THE
                                                                    PRODUCTION AND EXCHANGE OF INFORMATION
                                                                    Case No. 11-CV-00640 LHK