1  **FARUQI & FARUQI, LLP**
VAHN ALEXANDER (167373)
2  1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
3  Telephone: (310) 461-1426
Facsimile: (310) 461-1427
4  valexander@faruqilaw.com

5  *Attorneys for Plaintiff*

6

7               **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9                    **SAN JOSE DIVISION**

10 | JOEL KRIEGER, Individually and on Behalf | Case Number 5:11-cv-00640-LHK (HRL)
11 | of All Others Similarly Situated, |
   |                            | CLASS ACTION
12 |              Plaintiff, |
   |                            | **PARTIES' JOINT STATEMENT**
13 |       vs. | **PROVIDING CLARIFICATION**
   |                            | **REGARDING FILING OF**
14 |                            | **PLAINTIFF'S FIRST AMENDED**
   | ATHEROS COMMUNICATIONS, INC., | **COMPLAINT**
15 | DR. WILLY C. SHIH, DR. TERESA H. |
   | MENG, DR. CRAIG H. BARRATT, | [Filed pursuant to an Order of the Court
16 | ANDREW S. RAPPAPORT, DAN A. | dated June 10, 2011]
   | ARTUSI, CHARLES E. HARRIS, |
17 | MARSHALL L. MOHR, CHRISTINE | Judge: Hon. Lucy H. Koh
   | KING, QUALCOMM INCORPORATED, | Ctrm: #4, 5th Floor
18 | and T MERGER SUB, INC., | Date Action Filed: February 10, 2011
   |                            |
19 |              Defendants. |

20

21

22

23

24

25

26

27

28

---

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1    Pursuant to the Court's Order dated June 10, 2011, the parties respectfully submit their

2    "Joint Statement Providing Clarification Regarding Filing of Plaintiff's First Amended Complaint"

3    (the "Statement").

4    **I.    Statement of Plaintiff Joel Krieger**

5    Plaintiff Joel Krieger ("Plaintiff") filed this action on February 10, 2011.  Shortly thereafter,

6    Plaintiff filed his "Motion for Preliminary Injunction and Expedited Discovery."  *See* Docket Entry

7    ##6-10.  After Plaintiff's motion was briefed and argued, the Court entered its Order on March 4,

8    2011, "Staying State Law Claims; Denying Motion for Preliminary Injunction."  *See* Docket Entry

9    #33.

10   Thereafter, the parties met and conferred and on March 10, 2011, agreed that defendants

11   may have up to April 11, 2011, to answer or otherwise respond to Plaintiff's complaint (Docket

12   Entry #34) which was ordered by the Court the following day.  *See* Docket Entry #35.   After

13   defendants filed their motion to dismiss, Plaintiff indicated his intent to amend his complaint which

14   defendants knew would include a class claim under Section 14(a) of the Exchange Act based on

15   previous discussions, including settlement discussions, between counsel for Plaintiff, Mr. Juan E.

16   Monteverde, and counsel for defendants, Mr. David Furbush, in March and April 2011.

17   In fact, approximately one week later on April 19, 2011, the parties submitted a "Stipulation

18   and [Proposed] Order Regarding Stay of Discovery, Case Management and ADR Headlines" which

19   specifically stated and disclosed to the Court Plaintiff's intent to amend his complaint.  *See* Docket

20   Entry #40, page 2 (stating "WHEREAS, Plaintiff intends to amend the federal claims alleged in his

21   complaint[.]").  *See also id.* at 3 ("WHEREAS, in light of the Atheros Defendants' pending motion

22   to dismiss and Plaintiffs' intention to amend their federal securities law claims in the complaint, the

23   parties wish to continue the Case Management Deadlines until after such time as an amended

24   complaint is filed…").[1]

25   Finally, prior to filing Plaintiff's "Administrative Motion to File Under Seal Plaintiff's

26   Amended Complaint and Exhibit A Thereto," Plaintiff circulated a draft of his motion to counsel for

27

[1] The stipulation was ordered by the Court on April 22, 2011.  *See* Docket Entry #41.

28
- 1 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1   defendants for their review.  Additionally, Mr. Monteverde told counsel for Defendants, Ranah L.

2   Esmaili, on June 8, 2011, that the amended complaint would be based on certain non-public

3   documents (namely, *Exhibit A* to the Amended Complaint (the "Qatalyst Board Presentation")).

4   Mr. Monteverde specifically requested that Defendants waive confidentiality with respect to the

5   Qatalyst Board Presentation so that it would be easier for counsel to comply with the notice

6   provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which require

7   Plaintiff to publish a description of the claims asserted in the action.  Defendants ultimately rejected

8   Plaintiff's request, which they were entitled to do.  The notion, however, that defendants were

9   unaware of Plaintiff's intention to file a class action is simply untrue.  Moreover, prior to the filing

10  of the administrative motion, and immediately thereafter, Plaintiff did not receive ***any*** objection to

11  the filing of the administration motion or the Amended Complaint.  In fact, on June 10, 2011, as

12  defendants indicate below, counsel for Plaintiff discussed with counsel for defendants a briefing

13  schedule concerning the Amended Complaint and at no time during that conversation did defense

14  counsel raise any objection to the proposed class claims included in the Amended Complaint.

15         In light of the foregoing, Plaintiff believes that the requirements of Rule 15(a)(2) of the

16  *Federal Rules of Civil Procedure* have been satisfied.  Defendants' attempt to interpret the word

17  "amend" to exclude a class claim is inconsistent with numerous prior conversations between the

18  parties and their obligations under Fed. R. Civ. P. 11.   "Generally, of course, the plaintiff is the

19  master of the complaint[.]"  *Simonian v. Monster Cable Products, Inc.*, 10-cv-05544, 2011 U.S.

20  Dist. LEXIS 60783 (N.D. Cal. June 8, 2011) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91

21  (2005) (internal quotations omitted).  Defendants' suggestion that Plaintiff should have provided a

22  draft of the complaint to defense counsel for their approval prior to its filing is utterly specious.

23  Indeed, it was not until last evening (and notably well after the Court raised the issue *sua sponte*)

24  that Defendants raised any issue with respect to the filing of an amended Section 14(a) claim that

25  included class allegations.  Defendants' gamesmanship should not be tolerated and the Amended

26  Complaint that was submitted on June 9, 2011, should be accepted by the Court in order to protect

27  Atheros shareholders who were deprived of material information in connection with the Proposed

28

- 2 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1  Transaction.   Assuming the Court accepts the pleading, Plaintiff will publish the lead plaintiff

2  notice required by the PSLRA, *see* 15 U.S.C. § 78u-4(a)(3)(A)(i), shortly thereafter.

3  **II.      Statement of the Atheros Defendants**

4  **A.      Procedural History**

5  This action was filed on February 10, 2011.   It was pled as an unusual hybrid of (1) a claim

6  under the federal securities laws brought by the plaintiff solely in his individual capacity, combined

7  with (2) a claim for breach of fiduciary duty under Delaware state law brought by the plaintiff as an

8  alleged class representative.   On February 15, 2011, plaintiff filed a motion for a preliminary

9  injunction seeking to enjoin the announced merger between defendants Qualcomm Incorporated

10 ("Qualcomm") and Atheros Communications ("Atheros").   The motion was based solely on the

11 alleged class claim for state law breach of fiduciary duty.   Defendants opposed that motion and

12 sought to stay this action in favor of parallel state proceedings in the Delaware Court of Chancery.

13 Following full briefing of that motion and oral argument, this Court issued an order on March 4,

14 2011 staying plaintiff's class action state law breach of fiduciary duty claims and denying plaintiff's

15 motion for a preliminary injunction.   The court stated that plaintiff's individual, non-class claim

16 under the federal securities laws could proceed.

17 In March 2011, Plaintiff's counsel stated to counsel for the Atheros Defendants that if a

18 settlement in the case disclosing the additional information sought was not reached then Plaintiff

19 would amend his federal claim to assert claims on behalf of a class for disclosure violations.

20 On April 11, 2011, defendants Atheros, Willy Shih, Teresa Meng, Craig Barratt, Andrew

21 Rappaport, Dan Artusi, Charles Harris, Marshall Mohr and Christine (the "Atheros Defendants")

22 made a Rule 12(b) motion to dismiss plaintiff's individual, non-class federal claim.

23 On April 19, 2011, the parties submitted to the Court a stipulation to defer the initial case

24 management conference.   That stipulation stated that plaintiff intended to amend the federal claims

25 alleged in his complaint.   It did not say anything about amending to convert the individual claims to

26 class claims.   Approximately one month later, on May 16, 2011, plaintiff's counsel sent an email

27 concerning plaintiff's intention to file an amended complaint and asking if the defendants would

28

- 3 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1   withdraw their motion to dismiss.  Again, this e-mail did not say anything about amending to

2   convert the individual claims to class claims.

3         On May 19, counsel for the Atheros Defendants responded, indicating that they were not

4   willing to withdraw the motion without having an amended complaint on file, and suggesting that

5   plaintiff proceed to amend his complaint, which would moot the Atheros Defendants' motion.

6   Counsel for the Atheros Defendants also indicated that, once they had an opportunity to review the

7   amended pleading, they would be in a position to discuss an appropriate briefing schedule.  At no

8   time during any of these discussions did plaintiff's counsel state that such amendment would seek to

9   convert the individual claim to a class claim.

10         On May 24, 2011 the merger between Atheros and Qualcomm closed.

11         On June 6, 2011, three days before plaintiff's opposition to the Atheros Defendants' motion

12   to dismiss was due, counsel for plaintiff sent an email concerning plaintiff's intention to include

13   certain confidential information in the amended complaint.  Counsel for the Atheros Defendants had

14   additional conversations on June 7 and June 8 concerning such confidential information and the

15   filing of a motion to seal.  At no time during any of these discussions did plaintiff's counsel state

16   that such amendment would seek to convert the individual claim to a class claim.

17         On June 9, 2011, plaintiff filed an amended complaint.  The amended complaint alleges that

18   two trivial pieces of information included in a presentation to the Atheros board of directors by its

19   financial advisor were not mentioned in the proxy statement and that, as a result, the proxy

20   statement is false and misleading.  The amended complaint now purports to allege this federal

21   securities claim on behalf of a class.  The state law claims for breach of fiduciary duty have been

22   dropped.  This was the first time counsel for defendants saw the amended complaint.

23         On June 10, 2011, counsel for Atheros Defendants spoke to plaintiff's counsel concerning a

24   briefing schedule for a motion to dismiss the amended complaint filed the day before.  The position

25   of plaintiff's counsel was that, because the amended complaint is now brought as a class action, the

26   PSLRA requires plaintiff to give notice to the class, allow the 60 day period to expire, and resolve

27

28
- 4 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1  any lead plaintiff motions, before the parties can even begin the process of briefing motions to

2  dismiss on the amended complaint.

3          **B.      Position of the Atheros Defendants**

4          The Atheros Defendants were aware since at least April 19 that plaintiff was indicating an

5  intent to amend his federal claim, and counsel for the Atheros Defendants stated on May 19 that an

6  amended complaint would moot the Atheros Defendants' motion to dismiss.  However, the Atheros

7  Defendants never saw the proposed amended complaint, in draft or final form, until it was filed with

8  the Court on June 9, and had no knowledge of the nature or substance of the amendments plaintiff

9  was contemplating (other than from a generic description contained in plaintiff's draft

10  administrative motion provided on June 8), nor that plaintiff planned to convert his individual

11  federal securities claim to a purported class claim.

12          The Atheros Defendants, having now had the opportunity to review the amended complaint,

13  observe that:

14          1.      The amendment of plaintiff's pleading, to allege that the proxy statement was false

15  and misleading for failure to disclose plainly immaterial information concerning a presentation

16  made to the Atheros board by its financial advisor, as well as the allegation that plaintiff is entitled

17  to an award of attorney's fees, is frivolous;

18          2.      That pleading should not, under FRCP 11, have been included in a paper filed with

19  the Court, should not survive a motion to dismiss under FRCP 12, and would not have been

20  permitted under FRCP 15 if a motion had been made for leave to amend;

21          3.      Plaintiff's original tactic of pleading the federal claim as an individual claim was

22  intended to avoid competition for the Lead Plaintiff and Lead Counsel roles that might have arisen

23  if the federal claim had been pleaded as a class claim (because of the notice that would have been

24  required under those provisions of the PSLRA that relate only to class actions), while preserving

25  plaintiff's ability to threaten an injunction based solely on an individual claim in order to maximize

26  the settlement value of the claim pre-closing;

27

28

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1        4.      Plaintiff now seeks to amend to convert his individual federal claim into a claim for

2  class-wide relief solely because his originally-pleaded class claim under Delaware law has been

3  stayed by this Court, and he hopes through the amendment to maintain the threat of a claim for

4  class-wide damages now that the transaction has closed in order to maximize the settlement value of

5  the claim.

6        The Atheros Defendants submit that plaintiff's maneuvers are an abuse of the class action

7  procedure that should not be tolerated by the Court.

8        At this point, the question for the Court is whether, in the circumstances described above,

9  the amended complaint should be deemed properly filed.  If so, then the PSLRA's mandatory

10  notice, Lead Plaintiff and Lead Counsel provisions must now be complied with before the Atheros

11  Defendants can file their motion to dismiss the amended complaint pursuant to FRCP 12(b)(6).  If

12  not, the Court could require plaintiff to move for leave to file the amended complaint, pursuant to

13  FRCP 15, in which case the Court would have the opportunity to receive briefing on whether the

14  proposed amendment is futile before the PSLRA provisions would be triggered.  We respectfully

15  await the Court's direction as to the process the Court believes is most appropriate and efficient in

16  the circumstances, and will address the deficiencies in the amended pleading either in briefing a

17  motion to dismiss or in opposing plaintiff's motion for leave to amend.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

- 6 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1    Dated:  June 15, 2011                      **FARUQI & FARUQI, LLP**

2

3                                               By:   */s/Vahn Alexander*
                                                     Vahn Alexander

4                                               1901 Avenue of the Stars, Second Floor
                                                Los Angeles, CA  90067
5                                               Telephone: (310) 461-1426
                                                Facsimile: (310) 461-1427
6                                               valexander@faruqilaw.com

7                                               **FARUQI & FARUQI, LLP**
                                                Juan E. Monteverde
8                                               Richard W. Gonnello
                                                369 Lexington Ave., Tenth Floor
9                                               New York, NY  10017
                                                Telephone: (212) 983-9330
10                                              Facsimile: (212) 983-9331

11                                              *Counsel for Plaintiff and the Proposed Class*

12
                                                **PILLSBURY WINTHROP SHAW PITTMAN LLP**
     Dated:  June 15, 2011
13

14                                              By:   */s/David M. Furbush*
                                                     David M. Furbush

15

16                                              2475 Hanover Street
                                                Palo Alto, CA 94304-1114
17                                              Telephone: (650) 233-4500
                                                Facsimile: (650) 233-4545
                                                david.furbush@pillsburylaw.com
18
                                                *Counsel for Defendants Atheros Communications, Inc.,*
19                                              *Willy C. Shih, Teresa H. Meng, Craig H. Barratt, Andrew S.*
                                                *Rappaport, Dan A. Artusi, Charles E. Harris,*
20                                              *Marshall L. Mohr, Christine King*

21

22

23

24

25

26

27

28                                            - 7 -
     PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
       PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1

**ATTESTATION OF FILER**

2        Pursuant to General Order No. 45, Section X, Subparagraph B, the undersigned attests that

3   all parties have concurred in the filing of this joint report.

4   Dated: June 15, 2011                              */s/Vahn Alexander*
                                                        Vahn Alexander
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            - 8 -
PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 15, 2011, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system, which will send notification of such filing to the e-mail

4   addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the

5   foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated

6   on the Manual Notice List.

7   Dated: June 15, 2011                                          */s/Vahn Alexander*
                                                                  Vahn Alexander
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                - 9 -

PARTIES' JOINT STATEMENT PROVIDING CLARIFICATION REGARDING FILING OF
PLAINTIFF'S FIRST AMENDED COMPLAINT – CASE NO. 5:11-cv-00640 LHK

# Mailing Information for a Case 5:11-cv-00640-LHK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com,ecf@faruqilaw.com

- **Ranah Leila Esmaili**
  ranah.esmaili@pillsburylaw.com,robert.westrom@pillsburylaw.com,nina.allen@pillsburylaw.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,meri@pillsburylaw.com,susan.hersom@pillsburylaw.com

- **Amy L Pierce**
  amy.pierce@pillsburylaw.com,shannon.dudley@pillsburylaw.com,laura.cole@pillsburylaw.com

- **David Allen Priebe**
  david.priebe@dlapiper.com,margaret.austin@dlapiper.com,carmen.manzano@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert H. Baron
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
```