1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 11-CV-00640-LHK |
| Plaintiff, | ) ) | ORDER PERMITTING FILING OF AMENDED COMPLAINT; DENYING MOTION TO DISMISS AS MOOT; |
| v. | ) ) | GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER |
| ATHEROS COMMUNICATIONS, INC., DR. WILLY C. SHIH, DR. TERESA H. MENG, DR. CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A. ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR, CHRISTINE KING, QUALCOMM INCORPORATED, and T MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) | SEAL |
| Defendants. | ) ) ) | |

On April 11, 2011, Defendants filed a motion to dismiss Plaintiff's Complaint which is set

for hearing on July 21, 2011.  Pursuant to the briefing schedule set by the Court, Plaintiff's

opposition was due June 9, 2011.  On that day, rather than filing an opposition, Plaintiff filed an

administrative motion to file a First Amended Class Action Complaint ("FAC") under seal.

Because the request to file the amended complaint under seal was filed more than 21 days after

Defendant's motion to dismiss, the Court requested clarification as to whether Defendants had

stipulated to the amendment.  *See* Fed. R. Civ. P. 15(a) (permitting amendment of the pleadings

more than 21 days after service of a Rule 12 motion only with defendants' written consent or leave

1

1    of the court).  In response, Plaintiff pointed to a stipulation filed by the parties on April 19, 2011,

2    and approved by the Court, in which the parties requested a continuance in order to permit Plaintiff

3    to file an amended complaint.  *See* Stipulation and Order Regarding Stay of Discovery, Case

4    Management, and ADR Deadlines, ECF No. 41.  Considering the liberal standard for granting

5    leave to amend under Rule 15, the Court agrees that this stipulation constitutes written consent by

6    Defendants to the filing of an amended complaint.  Accordingly, Defendants' motion to dismiss is

7    denied without prejudice as moot, and the July 21, 2011 hearing is vacated.

8         Next, the Court must determine whether Plaintiff should be permitted to file under seal (1)

9    the FAC, and (2) Exhibit A to the FAC.  Generally, there is a strong presumption in favor of public

10   access to court records.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

11   2003).  However, that presumption may be overcome, and court records may be sealed, upon a

12   showing of "compelling reasons."[1]  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,

13   1178 (9th Cir. 2006).  Plaintiff moves to file the amended complaint and Exhibit A under seal on

14   grounds that certain financial information contained within them has been designed as "Highly

15   Confidential – Attorneys' and Experts' Eyes Only" pursuant to an Order of the Delaware Court of

16   Chancery in *In re Atheros Communications, Inc. Shareholder Litigation*, Case No. 6124-VCN.

17   Defendants have submitted a declaration, in compliance with Civil Local Rule 79-5(d), in support

18   of Plaintiff's motion.  In the declaration, counsel for the Atheros Defendants explains that Exhibit

19   A is a presentation by Atheros's investment advisor, Qatalyst, that contains sensitive and

20   confidential information, including long-term financial projections, discussions of business

21   strategy, and competitive analyses.  *See* Decl. of David M. Furbush ¶¶ 3-5, ECF No. 48.  Counsel

22   for the Atheros Defendants states that this document has been designated "Highly Confidential"

---

[1] The Ninth Circuit applies a lower good cause standard to sealed discovery documents attached to
non-dispositive motions.  *Kamakana*, 447 F.3d at 1179.  The rationale for this lower standard is
that "the public has less of a need for access to court records attached only to non-dispositive
motions because those documents are often unrelated, or only tangentially related, to the
underlying cause of action."  *Id.*  In this case, the documents at issue are portions of Plaintiff's
amended complaint and an attachment thereto.  As such, unlike discovery documents attached to a
non-dispositive motion, these documents are directly relevant to the merits of Plaintiff's claims.
For this reason, the Court applies the "compelling reasons" standard to Plaintiff's motion to file
under seal.

Case No.: 11-CV-00640-LHK
ORDER PERMITTING FILING OF AMENDED COMPLAINT; DENYING MOTION TO DISMISS AS MOOT;
GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

United States District Court
For the Northern District of California

1 pursuant to the confidentiality order in the Delaware action. *Id.* ¶ 3. The Court agrees that the

2 financial information and analysis contained in the Qatalyst Presentation appears to be highly

3 sensitive and confidential. Accordingly, the Court finds compelling reasons justifying sealing of

4 the presentation itself and GRANTS the motion to seal Exhibit A to the FAC.

5          In contrast, the redacted portions of Plaintiff's FAC merely reference sections of the

6 Qatalyst Presentation and do not disclose any financial projections, business strategies, or

7 competitive analysis. Defendants suggest that this information should be sealed because the

8 protective order in the Delaware action requires sealing of any document that describes or

9 characterizes documents designated "Highly Confidential." However, under Ninth Circuit

10 precedent, a party seeking to seal documents must meet the "compelling reasons" standard even if

11 the documents were previously subject to a protective order. *See Kamakana*, 447 F.3d 1179. In

12 this case, the allegations contained in the redacted portions of the FAC appear to be critical to

13 Plaintiff's claims. The "interest in ensuring the public's understanding of the judicial process and

14 of significant public events," *id.*, is not served if the basis for Plaintiff's claim is redacted from his

15 complaint.[2] The redacted portions of the FAC appear to reference the Qatalyst Presentation

16 without actually disclosing any confidential information. Neither Plaintiff nor Defendants has

17 presented compelling reasons why these portions of the complaint must be filed under seal.

18 Accordingly, Plaintiff's motion to file the First Amended Complaint under seal is DENIED without

19 prejudice. If Defendants believe that there are compelling reasons to seal the references to the

20 Qatalyst Presentation in the FAC, they must file an amended declaration, pursuant to Civil Local

21 Rule 79-5(d), articulating "compelling reasons supported by specific factual findings" for sealing

22 the designated portions of the FAC. *Kamakana*, 447 F.3d 1178. Any amended declaration must be

23 filed by June 29, 2011. If no amended declaration is filed by that date, Plaintiff may file the First

24 Amended Complaint without redactions.

25

26

27 ---

[2] Indeed, Defendants have insisted that Plaintiff is required to give public notice of his claims
pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(3)(A)(i), as discussed
below. If the basis of Plaintiff's claims is redacted from the complaint, the notice requirements of
the PSLRA will have little meaning.

28

3

Case No.: 11-CV-00640-LHK
ORDER PERMITTING FILING OF AMENDED COMPLAINT; DENYING MOTION TO DISMISS AS MOOT;
GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

United States District Court
For the Northern District of California

1    Finally, Defendants have pointed out that Plaintiff's amended pleading is a class action

2    complaint to which the provisions of the Private Securities Litigation Reform Act ("PSLRA")

3    would seem to apply.  Accordingly, Plaintiff must comply with the notice requirements set forth in

4    15 U.S.C. § 77z-1(a)(3) within 20 days after the date on which the FAC is filed.  *See* 15 U.S.C.

5    § 77z-1(a)(3)(A)(i) (requiring notice to the purported plaintiff class "[n]ot later than 20 days after

6    the date on which the complaint is filed").  If the parties disagree as to whether the notice

7    requirements of the PSLRA apply to this action, they shall meet and confer and file a statement

8    with the Court outlining their respective positions by June 29, 2011.

9    In sum, the Court orders as follows:

10   (1) Defendants' April 19, 2011 stipulation is deemed written consent to the filing of an

11       amended complaint.  Accordingly, Plaintiff may file an amended complaint, and

12       Defendants' motion to dismiss (ECF No. 26) is denied without prejudice as moot.  The July

13       21, 2011 hearing on Defendants' motion is vacated.

14   (2) Plaintiff's motion to file Exhibit A under seal is GRANTED.

15   (3) Plaintiff's motion to file the FAC under seal is DENIED without prejudice.  If Defendants

16       do not file an amended declaration by June 29, 2011, Plaintiff may file the FAC without

17       redactions.

18   (4) If the parties disagree as to whether the notice requirements of the PSLRA apply to this

19       action, they must file a statement outlining their positions by June 29, 2011.  Otherwise,

20       Plaintiff shall provide notice as required by 15 U.S.C. § 77z-1(a)(3).

21   **IT IS SO ORDERED.**

22

23   Dated: June 25, 2011                          _Lucy H. Koh_____

24                                                 LUCY H. KOH

25                                                 United States District Judge

26

27

28

4