**FARUQI & FARUQI, LLP**
VAHN ALEXANDER (167373)
CHRISTOPHER B. HAYES (277000)
1901 Avenue of the Stars, Second Floor
Los Angeles, CA 90067
Telephone: (310) 461-1426
Facsimile: (310) 461-1427
valexander@faruqilaw.com
chayes@faruqilaw.com

*Attorneys for Proposed
Lead Plaintiff Joel Krieger*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATHEROS COMMUNICATIONS, INC., DR. WILLY C. SHIH, DR. TERESA H. MENG, DR. CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A. ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR, CHRISTINE KING, QUALCOMM INCORPORATED, and T MERGER SUB, INC.,<br><br>Defendants. | Case Number 11-CV-00640-LHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom: #8, 4th Floor<br>Hearing Date: December 15, 2011<br>Time: 1:30 P.M. |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ..................................................................................................1

II.  FACTUAL BACKGROUND.................................................................................1

III. ARGUMENT ..........................................................................................................4

    1.   Plaintiff Satisfies the PSLRA's Requirements ............................................4

    2.   This Motion Is Timely .................................................................................4

    3.   Plaintiff has the Largest Financial Interest .................................................5

    4.   Plaintiff Otherwise Satisfies Rule 23's Requirements................................5

IV.  THIS COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF LEAD COUNSEL.......6

V.   CONCLUSION.......................................................................................................6

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                 **Page(s)**

*Apple v. LJ Int'l, Inc.*,
    2008 U.S. Dist. LEXIS 12618 (C.D. Cal. Feb. 8, 2008)..............................................................6

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)..................................................................................................................3

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ....................................................................................................5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .................................................................................................5, 6

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ....................................................................................................5

**STATUTES**

15 U.S.C. §78u-4 .............................................................................................................................4

15 U.S.C. §78u-4(a)(1) ....................................................................................................................4

15 U.S.C. §78u-4(a)(3)(A)(i) ...........................................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(i) ...........................................................................................................1

15 U.S.C. §78u-4(a)(3)(B)(v) ..........................................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)...............................................................................................5

Private Securities Litigation Reform Act of 1995 ..............................................................1, 3, 4, 6

Sections 14(a), 14(e) and 20(a) of the Securities Exchange Act of 1934 ............................1, 2, 3, 5

§21D of the Securities Exchange Act of 1934................................................................................1

Fed. R. Civ. P. 15(a) .......................................................................................................................3

Fed. R. Civ. P. 23........................................................................................................................4, 5

Fed. R. Civ. P. 23(a) ...................................................................................................................5, 6

Fed. R. Civ. P. 23(a)(4)...................................................................................................................5

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

Joel Krieger (hereinafter "Plaintiff" or "Movant") respectfully submits this motion for his appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 and for approval of his choice of counsel as Lead Counsel (the "Motion").

## I. INTRODUCTION

Presently pending in this District is a shareholder class action brought by Plaintiff on behalf of himself and similarly situated shareholders of Atheros Communications, Inc. ("Atheros" or the "Company") concerning the acquisition of the Company by Qualcomm Incorporated and its wholly owned subsidiary T Merger Sub Inc. (collectively "Qualcomm"). *See* First Amended Complaint, filed June 30, 2011. Plaintiff alleges that Atheros and Qualcomm, along with Dr. Willy C. Shih, Dr. Teresa H. Meng, Dr. Craig H. Barratt, Andrew S. Rappaport, Dan A. Artusi, Charles E. Harris, Marshall L. Mohr and Christine King (the "Individual Defendants") (collectively "Defendants") caused a materially false and misleading proxy to be issued in violation of §14(a) and Rule 14a-9 promulgated thereunder, and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Plaintiff respectfully submits this memorandum in support of his Motion for: (i) appointment as Lead Plaintiff in the action; and (ii) approval of his choice of Faruqi & Faruqi, LLP as Lead Counsel in the action. Plaintiff held Atheros securities on the day of the news announcement on January 5, 2010 and suffered damages as a result of Defendants' violations of the federal securities laws.[1]

## II. FACTUAL BACKGROUND

On February 10, 2011, Plaintiff filed a "Class Action Complaint for Breach of Fiduciary Duty and Individual Claims for Violation of Sections 14(a) and (e) and 20(a) of the Securities Exchange Act of 1934" (the "Complaint") in the Northern District of California alleging that the Individual Defendants had breached their fiduciary duties under Delaware state law, aided and

---

[1] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Plaintiff has completed a sworn certification listing his purchases of Atheros securities and requesting that he be appointed Lead Plaintiff. *See Exhibit A* to the Declaration of Vahn Alexander filed in support of the Motion ("Alexander Decl.").

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

abetted by Qualcomm and Atheros. *See* Complaint ¶¶124-136. Plaintiff asserted individual causes of action against Atheros and the Individual Defendants for violations of Sections 14(a), 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). *Id.* ¶¶110-123. These allegations surrounded the announcement by Atheros and Qualcomm on January 5, 2011, that they had entered into a definitive merger agreement for Qualcomm to acquire Atheros in a $3.2 billion dollar transaction (the "Merger"). Under the terms of the Merger, Atheros shareholders would receive $45.00 per share in cash for each share of Atheros they owned.

Atheros retained Qatalyst Partners, LP ("Qatalyst") as its financial advisor in connection with the Merger. Qatalyst also provided the fairness opinion which claimed that the consideration Atheros shareholders would receive under the Merger was reasonable. *See* "First Amended Class Action Complaint for Violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934" ("First Amended Complaint"), filed June 30, 2011, ¶96. As alleged, Qatalyst disclosed a summary of the material financial analyses that were performed by Qatalyst in the final proxy filed with the SEC (the "Definitive Proxy"). However, the Definitive Proxy failed to disclose two financial analyses that were performed by Qatalyst, while both were provided to and relied upon by the Atheros Board of Directors ("Board") in approving the Merger. Due to the failure of the Definitive Proxy to disclose these analyses, the First Amended Complaint alleges that the statement in the Definitive Proxy that claimed the shareholders were being provided with a "summary of the material financial analyses undertaken by Qatalyst Partners in connection with rendering the Qatalyst Partners opinion…" was factually inaccurate. *See* First Amended Complaint, ¶101.

On February 11, 2011, Atheros filed the Definitive Proxy with the SEC that set a shareholder vote on the Merger for March 7, 2011. On February 15, 2011, Plaintiff moved for a preliminary injunction to enjoin the shareholder vote scheduled for March 7, 2011 and expedited discovery in connection with the Merger. Subsequent to Plaintiff's motion being filed and prior to the hearing scheduled by the Court in regard to said motion, Defendants informed the Court that they were already involved in similar litigation in both the Delaware Court of Chancery and the Superior Court of Santa Clara County. Defendants also informed the Court that the five cases filed

in Delaware on the same matter had been consolidated and a preliminary injunction hearing in the consolidated action had been set for March 1, 2011.

As a result of the pending litigation in Delaware, Defendants requested a stay of the proceedings under the *Colorado River* doctrine in the instant suit. *See* Order Staying State Law Claims; Denying Motion for Preliminary Injunction*,* March 4, 2011; *see also, Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Although the Court agreed to grant a stay in regard to Plaintiff's causes of action for breach of fiduciary duties and aiding and abetting under Delaware law, the Court ***denied*** Defendants' request to stay Plaintiff's individual causes of action for violations of the Exchange Act. The Court also denied Plaintiff's request for a preliminary injunction. Subsequently, on March 28, 2011, 74.6% of Atheros stockholders voted to approve the Merger.

On April 11, 2011, Defendants filed a motion to dismiss Plaintiff's remaining claims under the Exchange Act, alleging that Plaintiff failed to sufficiently plead claims under Section(s) 14(a), 14(e) and 20(a). In response, Plaintiff filed the First Amended Complaint alleging class violations of Sections 14(a) and 20(a) of the Exchange Act. On June 10, 2011, the Court issued an order requesting clarification regarding whether Defendants had consented to Plaintiff's amending of the pleadings under *Federal Rules of Civil Procedure* 15(a). After review of a Joint Statement by the Parties, the Court held that Defendants had given their written consent to the filing of an amended complaint. Specifically, the Court found consent had been given in a joint stipulation that was filed by the parties on April 19, 2011, and approved by the Court. Plaintiff then proceeded to re-file the First Amended Complaint on June 30, 2011. As the First Amended Complaint has been accepted by the Court, Plaintiff is now moving for this Court to appoint him as Lead Plaintiff and the law firm of Faruqi & Faruqi, LLP as Lead Counsel in the instant proceedings, after proper notice was issued pursuant to the PSLRA.

## III.   ARGUMENT

### 1. Plaintiff Satisfies the PSLRA's Requirements

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(1).

First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). This notice must advise members of the putative class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, Plaintiff's counsel published notice in *Business Wire* on July 19, 2011 (the "Notice"), within 20 days subsequent to the filing of the First Amended Complaint, on June 30, 2011, which included for the first time class claims for violation of the federal securities laws. *See* Alexander Decl., *Exhibit B*. The Notice advised class members of the pendency of this action, the nature of the claims alleged and those who are entitled to assert them. The Notice also advised the class that the 60-day lead plaintiff filing deadline expired on September 17, 2011. Thus, the Notice provided by Plaintiff is sufficient under the PSLRA guidelines.

Second, the PSLRA requires a court to presume that the most adequate plaintiff is the person or group of persons that has filed the complaint or timely moved for appointment as lead plaintiff, "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). As detailed herein, Plaintiff satisfies each of these requirements and is therefore entitled to be appointed as Lead Plaintiff.

### 2. The Motion Is Timely Under the PSLRA

Plaintiff timely filed the Motion prior to the expiration of the lead plaintiff filing deadline. Moreover, as reflected in his Certification, Plaintiff has owned 100 shares of Atheros common stock continuously since January 4, 2011 (prior to the Merger announcement), and

6

has confirmed a willingness and ability to serve as Lead Plaintiff.  *See* Alexander Decl., *Exhibit A*.  Thus, Plaintiff satisfies the PSLRA's first requirement.

### 3. Plaintiff Has the Largest Financial Interest

Upon information and belief, Plaintiff is the only member of the class to have filed an action alleging claims under Section 14(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder, and Section 20(a) – in this Court or elsewhere.  Moreover, during the 60-day period following the issuance of the Notice, and in light of the factual background of this case, Plaintiff expects to be the only member of the class to step forward in order to be appointed lead plaintiff.  Therefore, by default, Movant will have satisfied the prerequisite of having the largest financial interest in this litigation.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

### 4. Plaintiff Otherwise Satisfies Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the *Federal Rules of Civil Procedure*." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) of the *Federal Rules of Civil Procedure* generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23; *see also Cavanaugh*, 306 F.3d at 730.  As detailed herein, Plaintiff satisfies the typicality and adequacy requirements of Rule 23(a).

The requirement of typicality under Rule 23(a) is met where the proposed lead plaintiff and "other [class] members have the same or similar injury…" and "have been injured by the same course of conduct" and "the action is based on conduct which is not unique to the named plaintiffs[.]" *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (*citation and quotation marks omitted*).  The adequacy requirement is met if (1) no conflicts exist between the plaintiff and the class and, (2) if the plaintiff and his attorneys will "prosecute the action vigorously on behalf of the class."  *See* Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

In the instant case, Plaintiff satisfies the typicality and adequacy requirements because Defendants are alleged to have solicited the shareholders' vote with the same materially misleading materials, which caused their injuries. In addition, Plaintiff is not subject to any unique defenses and no evidence exists of any conflict between Plaintiff's interests and those of the other class members. Finally, Plaintiff has expressed an ability and willingness to prosecute this action by filing the requisite certification and retaining qualified counsel experienced in litigating actions of this nature. *See* Alexander Decl., *Exhibits A* and *C*. Accordingly, Plaintiff has made a prima facie showing of Rule 23's typicality and adequacy requirements for the purpose of this motion.

### IV. THIS COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See, e.g.,* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh,* 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [Reform Act] clearly leaves the choice of class counsel in the hands of the lead plaintiff."); *Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618 at *19 (C.D. Cal. Feb. 8, 2008). Plaintiff has selected the law firm of Faruqi & Faruqi, LLP to act as Lead Counsel for the Class. This firm possesses extensive experience in the realm of securities litigation and attorneys with this firm have successfully prosecuted numerous securities fraud class action suits on behalf of injured investors in this district and in other districts nationwide. *See* Alexander Decl., *Exhibit C*. As such, Plaintiff has placed his confidence in this firm and his choice should be approved by the Court.

///

///

///

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) appoint Plaintiff Joel Krieger as Lead Plaintiff in the instant action; and (ii) approve Plaintiff's choice of Faruqi & Faruqi, LLP as Lead Counsel for the proposed class.

Dated: September 16, 2011

**FARUQI & FARUQI, LLP**

By:  /s/Vahn Alexander
    VAHN ALEXANDER (#167373)

Christopher B. Hayes (#277000)
1901 Avenue of the Stars, Second Floor
Los Angeles, CA  90067
Telephone: (310) 461-1426
Facsimile: (310) 461-1427
Email: valexander@faruqilaw.com
    chayes@faruqilaw.com

-and-

**FARUQI & FARUQI, LLP**
Juan E. Monteverde
Richard W. Gonnello
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: jmonteverde@faruqilaw.com
    ronnello@faruqilaw.com

*Counsel for Proposed Lead Plaintiff and the Proposed Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

*/s/Vahn Alexander*
  Vahn Alexander

**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Second Floor
Los Angeles, CA  90067
Telephone: (310) 461-1426
Facsimile: (310) 461-1427
Email: valexander@faruqilaw.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF JOEL KRIEGER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - Case Number 11-CV-00640-LHK

# Mailing Information for a Case 5:11-cv-00640-LHK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com,ecfca@faruqilaw.com

- **Ranah Leila Esmaili**
  ranah.esmaili@pillsburylaw.com,robert.westrom@pillsburylaw.com,nina.allen@pillsburylaw.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,meri@pillsburylaw.com,susan.hersom@pillsburylaw.com

- **Amy L Pierce**
  amy.pierce@pillsburylaw.com,shannon.dudley@pillsburylaw.com,laura.cole@pillsburylaw.com

- **David Allen Priebe**
  david.priebe@dlapiper.com,margaret.austin@dlapiper.com,carmen.manzano@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert H. Baron
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
```