UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ATHEROS COMMUNICATIONS, INC.; DR. WILLY C. SHIH; R. TERESA H. MENG; DR. CRAIG H BARRATT; ANDREW S. RAPPAPORT; DAN A. ARTUSI; CHARLES E. HARRIS; MARSHALL L. MOHR; CHRISTINE KING; QUALLCOM INC.; and T MERGER SUB, INC., <br><br> Defendants. | Case No.: 11-CV-00640-LHK <br><br> ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL |

Before the Court is Plaintiff's unopposed motion to approve lead plaintiff and lead counsel. ECF No. 52. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing on the motion set for December 15, 2011, is hereby VACATED. For the foregoing reasons, Plaintiff's unopposed motion is GRANTED.

## I.     Background

Plaintiff Joel Krieger filed a private securities class action complaint, on behalf of himself and similarly situated shareholders of Atheros Communications, Inc. ("Atheros"), against Defendants Atheros, Dr. Willy C. Shih, Dr. Teresa H. Meng, Dr. Craig H. Barratee, Andrew S. Rappaport, Dan A. Artusi, Charles E. Harris, Marshall L. Mohr, Christine King, Qualcomm Inc., and T Merger Sub, Inc. (collectively "Defendants"). ECF No. 1 ("Compl."). The initial complaint contained individual federal securities law claims and class state law claims. Plaintiff filed an

amended complaint on June 30, 2011, asserting class claims under federal securities laws. ECF No. 50 ("FAC"). The FAC alleges that Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9(a), by issuing a definitive merger proxy that contained information regarding the merger between Atheros and Qualcomm that Defendants should have known was materially false and misleading. FAC ¶¶ 112-118.

On September 16, 2011, Plaintiff moved the Court for appointment of Joel Krieger as lead plaintiff and for approval of the law firm of Faruqi & Faruqi, LLP as lead counsel in this action. ECF No. 52, 53. No other individuals have sought to be named lead plaintiff nor have any other law firms sought to be named lead counsel. Having considered the motion, and for good cause shown, the Court GRANTS the motion.

## II.  Legal Standard

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions. In the PSLRA's own words, this plaintiff is to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA, a three-step process determines the lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I).[1] This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).[2]

Second, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and

---

[1] This publication is to be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a)(3)(A)(i).
[2] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

Case No.: 11-CV-00640-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). Once the district court identifies the plaintiff with the most to gain, the district court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If he does, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). This is done by showing that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B) (iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

Under the PSLRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### III.     Analysis

In conformity with the procedure established by the PSLRA and the Ninth Circuit in *In re Cavanaugh*, the Court will decide whether Joel Krieger should serve as lead plaintiff and whether Faruqi & Faruqi, LLP should serve as lead counsel in the instant action.

### A.  Procedural Requirements

Case No.: 11-CV-00640-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

On July 19, 2011, counsel published a notice in Business Wire. The notice was published within 20 days after Krieger filed the FAC, which was the first complaint to contain class claims pursuant to the PSLRA. The notice also listed the claims, the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* Alexander Decl. Ex. B. Within 60 days after the published notice, on September 16, 2011, Krieger filed the currently pending motion seeking appointment as lead plaintiff. Krieger has therefore met the procedural requirements as set forth in 15 U.S.C. § 78u–4(a)(3)(A).

### B. Financial Interest

The PSLRA provides that, after notice of the class action has been given, a "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 729. Krieger has submitted a declaration establishing that during the class period he purchased 100 shares at $45.943 per share. *See* Krieger Decl. ¶ 4. As he is the only party to make a motion for appointment as lead plaintiff, and this motion is unopposed, Krieger is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005) ("Without access to financial information from other parties, the Court is constrained to conclude that the Bullock Group's alleged loss best qualifies it to serve as lead plaintiff.").

### C. Rule 23

Krieger has also made a sufficient showing to establish that he satisfies the requirements of Rule 23(a), in particular, that it he is a typical class member and an adequate representative. *See In re SLM Corp. Secs. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) ("Under the PSLRA, a proposed lead plaintiff must, inter alia, make a preliminary showing that it satisfies the typicality and adequacy requirements of F.R.C.P. 23.") (internal quotation marks omitted). This showing need

4

not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Here, Krieger's claims under sections 14(a) and 20(a) of the Securities Exchange Act are typical, if not identical, to the claims of the other members of the putative class. *See* Krieger Decl. ¶ 4. Moreover, there is nothing to indicate that Krieger's claims conflict with those of the putative class, or that he is subject to unique defenses. *See* Krieger Decl. ¶ 6. Accordingly, Krieger has demonstrated that he is an adequate lead plaintiff.

### D. Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). The decision of lead counsel belongs to the lead plaintiff. *In re Cavanaugh*, 306 F.3d at 734 n.14. Krieger has chosen the law firm of Faruqi & Faruqi, LLP. The Court has reviewed the firm's resume and is satisfied that the lead plaintiff has made a reasonable choice of counsel. In light of this showing, the Court will defer to the Plaintiff's choice in counsel.

### IV. Conclusion

The Court appoints Joel Krieger as the lead plaintiff in this action and approves Krieger's selection of Faruqi & Faruqi, LLP as lead counsel.

**IT IS SO ORDERED.**

Dated: December 12, 2011

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00640-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL