1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    DAVID M. FURBUSH  # 83447
2   2475 Hanover Street
    Palo Alto, CA 94304-1114
3   Telephone: (650) 233-4500
    Facsimile: (650) 233-4545
4   david.furbush@pillsburylaw.com

5   RANAH L. ESMAILI  # 233477
    1540 Broadway
6   New York, NY 10036-4039
    Telephone: (212) 858-1000
7   Facsimile: (212) 858-1500
    ranah.esmaili@pillsburylaw.com
8
    Attorneys for Defendants Atheros
9   Communications, Inc., Willy C. Shih,
    Teresa H. Meng, Craig H. Barratt,
10  Andrew S. Rappaport, Dan A. Artusi,
    Charles E. Harris, Marshall L. Mohr,
11  And Christine King

12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN JOSE DIVISION**

16      _____
                                           )
17  JOEL KRIEGER, Individually and on Behalf )   No. 5:11-CV-00640-LHK(HRL)
    of All Others Similarly Situated,      )
18                                         )
                        Plaintiff,         )
19                                         )   **ATHEROS DEFENDANTS' NOTICE**
            vs.                            )   **OF MOTION, MOTION AND**
20                                         )   **MEMORANDUM OF POINTS OF**
    ATHEROS COMMUNICATIONS, INC.,          )   **AUTHORITIES IN SUPPORT OF**
21  DR. WILLY C. SHIH, DR. TERESA H.       )   **MOTION TO DISMISS FIRST**
    MENG, DR. CRAIG H. BARRATT,            )   **AMENDED CLASS ACTION**
22  ANDREW S. RAPPAPORT, DAN A.            )   **COMPLAINT**
    ARTUSI, CHARLES E. HARRIS,             )
23  MARSHALL L. MOHR, CHRISTINE            )
    KING, QUALCOMM INCORPORATED,           )   Judge:   Hon. Lucy H. Koh
24  AND T MERGER SUB, INC.                 )
                                           )   Hearing Date:  May 31, 2012
25                      Defendants.        )   Hearing Time: 1:30 p.m.
                                           )   Location:  Courtroom 4, 5th Floor
26                                         )   Date Action Filed:  February 10, 2011
                                           )
27      _____   )

28
    _____
    ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1

**<u>Table of Contents</u>**

2                                                                                                      **<u>Page</u>**

3   I.      INTRODUCTION. ...................................................................................................2

4   II.     BACKGROUND. ...................................................................................................3

5           A.      The Merger Transaction and Proxy Disclosures. ..........................................3

6           B.      The Delaware Action and March 4 Order. ....................................................3

7           C.      Plaintiff's Action. .........................................................................................5

8   III.    ARGUMENT. .......................................................................................................6

9           A.      The First Cause of Action (Violation of Sections 14(a) of the 1934
                    Act) Must Be Dismissed for Failure to State A Claim. .................................6

10                  1.      Legal Standard. ..................................................................................6

11

12                  2.      Plaintiff Does Not Sufficiently Allege the Elements of a
                            Section 14(a) Claim. ..........................................................................8

13          B.      The Second Cause of Action (Violations of Section 20(a) of the 1934
                    Act) Against the Directors Must Be Dismissed for Failure to State a
14                  Claim. ...........................................................................................................10

15          C.      The Third Cause of Action (Equitable Assessment of Attorneys' Fees
                    and Expenses) Must be Dismissed for Failure to State a Claim..................10

16
    IV.     CONCLUSION. ..................................................................................................11

17

18

19

20

21

22

23

24

25

26

27

28

1          **Table of Authorities**

2                                                                                                          Page

3                                                             Cases

4    Ashcroft v. Iqbal,
           129 S. Ct. 1937 (2009) ............................................................................................... 9
5
     Bell Atl. Corp. v. Twombly,
6          550 U.S. 544 (2007) ................................................................................................... 7

7    Desaigoudar v. Meyercord, 223 F.3d 1020,
           1022 (9th Cir. 2000) ................................................................................................. 6, 7
8
     Grace v. Rosenstock,
9          228 F.3d 40 (2d Cir. 2000) ........................................................................................... 6

10   In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.,
           381 F. Supp. 2d 192 (S.D.N.Y. 2004) ....................................................................... 10
11
     In re Atheros Commc'ns, Inc. S'holder Litig.,
12         C.A. No. 6124-VCN (Del. Ch.) ................................................................................... 4

13   In re Cutera Sec. Litig.,
           610 F.3d 1103 (9th Cir. 2010) ..................................................................................... 7
14
     In re McKesson HBOC, Inc. Sec. Litig.,
15         126 F. Supp. 2d 1248 (N.D. Cal. 2000) ................................................................. 6, 7, 9

16   In re Silicon Graphics Inc. Sec. Litig.,
           183 F.3d 970 (9th Cir. 1999) ....................................................................................... 7
17
     Isaac Bros. Co. v. Hibernia Bank,
18         481 F.2d 1168 (9th Cir. 1973) ................................................................................... 11

19   Knollenberg v. Harmonic, Inc.,
           No. 03-16238, 2005 WL 2980628 (9th Cir. Nov. 8, 2005) ..................................... 6, 7
20
     NYC Employees' Ret. Sys. v. Jobs,
21         593 F.3d 1018 (9th Cir. 2010) ..................................................................................... 6

22   Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,
           96 F.3d 1151 (9th Cir. 1996) ..................................................................................... 10
23
     Runaj v. Wells Fargo Bank,
24         667 F. Supp. 2d 1199 (S.D. Cal. 2009) ....................................................................... 7

25   Shurkin v. Golden State Vintners, Inc.,
           No. C 04-3434 MJJ, 2005 WL 1926620 (N.D. Cal. Aug. 10, 2005) ......................... 7
26
     Suez Equity Investors, L.P. v. Toronto-Dominion Bank,
27         250 F.3d 87 (2d Cir. 2001) ....................................................................................... 10

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

TSC Indus., Inc. v. Northway, Inc.,
        426 U.S. 438 (1976) ......................................................................................................... 7

Statutes and Codes

Code of Federal Regulations,
        Title 17, Section 240.14a-9(a) ....................................................................................... 6

Securities Exchange Act of 1934,
        Section 14(a) ............................................................................................................ passim

Securities Exchange Act of 1934,
        Section 14(e) ..................................................................................................................... 5

Securities Exchange Act of 1934,
        Section 20(a) ........................................................................................................... passim

United States Code,
        Title 15, Section 78u-4(b)(1) .................................................................................... 7, 9

Rules and Regulations

Federal Rules of Civil Procedure,
        Rule 12(b)(6) ................................................................................................................... 1

Federal Rules of Civil Procedure,
        Rule 14a-9 ........................................................................................................................ 7

Other Authorities

Private Securities Litigation Reform Act ................................................................................. 1

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**NOTICE OF MOTION AND MOTION**

1

2  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on May 31, 2012 at 1:30 p.m., or as soon thereafter

4  as counsel may be heard, in Courtroom 4 of this Court, located at 280 South 1st Street, 5th

5  Floor, San Jose, CA 95113, before the Honorable Lucy H. Koh, United States District

6  Judge, defendants ATHEROS COMMUNICATIONS, INC. ("Atheros"), WILLY C. SHIH,

7  TERESA H. MENG, CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A.

8  ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR AND CHRISTINE KING

9  ("Directors"; collectively, with Atheros, the "Atheros Defendants") will and hereby move

10  this Court to dismiss, with prejudice, the claims asserted against them in Plaintiff's First

11  Amended Class Action Complaint filed June 30, 2011 (Dkt. 50) (the "Amended Complaint"

12  or "Am. Compl.") under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the

13  Private Securities Litigation Reform Act ("PSLRA"), on the grounds that the Complaint

14  fails to state a claim against the Atheros Defendants for violations of Sections 14(a) or

15  20(a) of the Securities Exchange Act of 1934, or for equitable assessment of attorneys' fees

16  and expenses.  This motion is based on this Notice of Motion and motion, the supporting

17  memorandum of points and authorities that follows, the Request for Judicial Notice filed

18  herewith, the declaration of David M. Furbush and supporting exhibits filed herewith, the

19  Declaration of Willy C. Shih dated February 22, 2001 and supporting exhibits, and all

20  pleadings and records on file in this action.

21

22

23

24

25

26

27

28

- 1 -

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1       **SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      INTRODUCTION.**

3           This action arises out of a merger between Atheros and Qualcomm Incorporated

4   ("Qualcomm").  Plaintiff challenges the proxy disclosures made in connection with that

5   merger.  Those disclosures were carefully scrutinized against an extensive record, following

6   full briefing and argument, by the Delaware Court of Chancery.  The disclosures were

7   supplemented solely because of, and precisely in compliance with, the Chancery Court's

8   directions in its preliminary injunction order.  Once those supplemental disclosures were

9   made, the Chancery Court found the proxy disclosures to be adequate, and promptly

10  vacated its order enjoining the shareholder vote – whereupon Atheros's shareholders voted

11  overwhelmingly to approve the merger.

12          The Amended Complaint alleges that the proxy statement filed in connection with

13  the merger was false and misleading because it does not contain two tables of data

14  compiled from public sources by Atheros's financial advisor, Qatalyst Partners

15  ("Qatalyst").

16          The first is a table entitled "Summary of Analyst Estimates & Valuation

17  Methodologies", which summarizes certain opinion information derived from published

18  research reports by Wall Street analysts, such as those analysts' price targets and

19  projections for future growth rates, revenues, income and earnings per share.  The second is

20  a table entitled "Historical Termination Fee Analysis", which summarizes breakup fees in

21  over 400 merger transactions over the past twenty five years.  Like the Summary of Analyst

22  Estimates, the Historical Termination Fee Analysis is based entirely on publicly-available

23  information.  The Historical Termination Fee Analysis was included only in an "Appendix"

24  to a deck of presentation slides.  Moreover, it has nothing to do with the fairness of the

25  merger consideration to be received by Atheros shareholders – the only subject on which

26  Qatalyst expressed an opinion.

27          Plaintiff has not sufficiently alleged the necessary elements of a Section 14(a) claim.

28  There is no allegation that any statement in the Proxy was rendered false or misleading by

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    the alleged omissions, no allegation of scienter and no allegation of loss causation.  For

2    these reasons the claims under Section 14(a) and 20(a) must be dismissed.

3          Plaintiff's claim for attorneys' fees for purportedly having "caused" Atheros to

4    make the supplemental disclosures – which were expressly made solely to address the

5    Delaware Court of Chancery's March 4, 2011 ruling – is unsupportable, because the actions

6    of plaintiffs' counsel here demonstrably had nothing whatsoever to do with the

7    supplemental disclosures.

8    **II.      BACKGROUND.**

9          **A.      The Merger Transaction and Proxy Disclosures.**

10         On January 5, 2011, Atheros announced that it had entered into a definitive merger

11   agreement pursuant to which Qualcomm would purchase Atheros for $45 per share in cash,

12   representing an enterprise value of $3.1 billion.  Declaration of Willy C. Shih, dated

13   February 22, 2011 ("Shih Decl."), Dkt. 21, ¶ 2.  On February 1, 2011, Atheros filed a

14   preliminary proxy statement with the Securities and Exchange Commission concerning the

15   merger (the "Preliminary Proxy"), and on February 11, 2011 filed a definitive proxy

16   statement ("Definitive Proxy").  Exs. 1, 2.[1]  On March 7, 2011, the company made

17   additional disclosures to comply fully with a March 4, 2011 order from the Delaware Court

18   of Chancery and postponed the shareholder vote on the merger until March 18, 2011, as set

19   forth more fully below (*see supra* Part II.B.) ("Supplemental Disclosures"; collectively,

20   with the Preliminary Proxy and Definitive Proxy, the "Proxy Disclosures").  Ex. 3.

21         **B.      The Delaware Action and March 4 Order.**

22         Beginning on January 5, 2011, several purported class action lawsuits were filed in

23   the Court of Chancery of the State of Delaware, which were subsequently consolidated in

24

25

26

27   [1]  All exhibits referenced herein are attached to the Declaration of David M. Furbush, filed
     herewith.

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    *In re Atheros Commc'ns, Inc. S'holder Litig.*, C.A. No. 6124-VCN (Del. Ch.) ("Delaware

2    Action").[2]

3           On February 14, 2011, the plaintiffs in the Delaware Action moved for a

4    preliminary injunction to enjoin the shareholder vote then scheduled for March 7, 2011.

5    Following extensive expedited discovery and lengthy briefing, oral argument was held on

6    March 1, 2011.  The record before the court included nearly 1,500 pages of documents and

7    deposition testimony.

8           After considering the voluminous evidence and submissions, the Delaware Court of

9    Chancery issued its order on March 4, 2011 ("March 4 Order").  Ex. 5.  The Chancery

10   Court denied plaintiffs' attempt to enjoin the merger based on alleged inadequacy of the

11   Merger consideration, the Atheros Board of Directors' process in negotiating and approving

12   the Merger and – most important for our purposes – the adequacy of the disclosure of

13   Qatalyst's methodology in reaching its fairness opinion.  *Id.* at 35.  The Chancery Court

14   found a reasonable probability of success on two limited disclosure issues, and

15   preliminarily enjoined the shareholder vote pending disclosure by Atheros of (1) the date on

16   which defendant Barratt learned that Qualcomm intended to employ him post-merger; and

17   (2) the particulars of the fee arrangement between Atheros and Qatalyst covering the

18   latter's financial advisory services.  *Id.* at 21-25, 29-32.

19          In response to the March 4 Order, Atheros postponed the shareholder vote until

20   March 18, 2011 and promptly issued the Supplemental Disclosures containing the

21   information required by the Order.  Ex. 4.

22          On March 14, 2011, the Chancery Court found that the Supplemental Disclosures

23   provided Atheros's stockholders with the required additional information and vacated the

24   preliminary injunction.  Ex. 5.

25

26   _____

27   [2] Actions were also commenced in January 2011 in California state court, which were also
     consolidated.  The California state court actions have subsequently been voluntarily
     dismissed with prejudice, as has the Delaware Action.

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1        On March 18, 2011.  Atheros's stockholders voted overwhelmingly to approve the

2    merger, with only 0.2% of the outstanding common shares voting against the merger.  That

3    vote was disclosed by the company in an 8-K filed the same day.  Ex. 6.

4        **C.      Plaintiff's Action.**

5        On February 12, 2012, more than five weeks after the first Delaware complaints

6    were filed, Plaintiff brought this action challenging the merger and the adequacy of the

7    disclosures contained in the Preliminary Proxy.  Dkt. 1.  Plaintiff's original complaint

8    ("Complaint" or "Compl.") asserted causes of action under Sections 14(a), 14(e) and 20(a)

9    of the Exchange Act against the Atheros Defendants and state law claims against the

10   Atheros Defendants and Qualcomm.  Dkt. 1, Compl., ¶¶ 110-137.  Plaintiff's federal claims

11   were brought solely in Plaintiff's individual capacity, and not on behalf of a class.  Dkt. 47.

12       The gravamen of Plaintiff's initial Complaint was that the Preliminary Proxy failed

13   to disclose:  (1) the sales process leading up to the merger, including the efforts to auction

14   the Company prior to entry into the Merger Agreement; (2) the complete set of financial

15   projections relied upon by the Board and Qatalyst in rendering its fairness opinion; (3) the

16   remuneration that Qatalyst expected to earn in connection with the merger, including if any

17   portion of their fee was contingent on consummation of the merger; and (4) all of the

18   underlying methodologies, projections, key inputs, and multiples relied upon and observed

19   by Qatalyst in connection with the merger.  Dkt. 1, Compl., ¶¶ 104-109.

20       On February 15, 2011, Plaintiff filed a motion for a preliminary injunction seeking

21   to enjoin the merger.  Dkt. 6.  The defendants opposed that motion, and sought to stay this

22   action in favor of parallel state proceedings in the Delaware Court of Chancery.  Dkt. 20,

23   22.  Following full briefing of that motion and oral argument, this Court issued an order on

24   March 4, 2011 staying Plaintiff's state law breach of fiduciary duty claims and denying

25   Plaintiff's motion for a preliminary injunction.  Dkt. 33.

26

27

28

- 5 -

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    On April 11, 2011, the Atheros Defendants moved to dismiss the original complaint.

2    Dkt. 36.³  Plaintiff mooted that motion by amending his complaint on June 30, 2011.  Dkt.

3    50.  The Amended Complaint eliminated the Section 14(e) and state law causes of action

4    and added a cause of action for equitable assessment of attorneys' fees and expenses. The

5    Section 14(a) and 20(a) causes of action, now brought on behalf of a purported class,

6    challenge the Definitive Proxy for allegedly failing to disclose two purported financial

7    "analyses" performed by Qatalyst in connection with its fairness opinion:  a "Summary of

8    Analyst Estimates & Valuation Methodologies" and a "Historical Termination Fee

9    Analysis."  Am. Compl., ¶ 6.  For the reasons set forth herein, each of Plaintiff's causes of

10   action fail.

11   **III.    ARGUMENT.**

12          **A.    The First Cause of Action (Violation of Sections 14(a) of the 1934 Act)**

13                **Must Be Dismissed for Failure to State A Claim.**

14                **1.    Legal Standard.**

15          To state a private cause of action for violations of Section 14(a) a plaintiff must

16   allege that (i) the proxy being challenged contains a false or misleading statement, or omits

17   material facts necessary to make a statement not false or misleading, (ii) the misstatement

18   or omission was the result of negligent conduct, and (iii) the misrepresentation caused

19   economic harm to plaintiff (*i.e.*, loss causation).  17 C.F.R. § 240.14a-9(a) (2011);

20   *Knollenberg v. Harmonic, Inc.*, No. 03-16238, 2005 WL 2980628, at *6 (9th Cir. Nov. 8,

21   2005); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000); *NYC Employees'*

22   *Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010); *Grace v. Rosenstock*, 228 F.3d 40,

23   47 (2d Cir. 2000).  A fact is material only if there is "a substantial likelihood that a

24   reasonable shareholder would consider it important in deciding how to vote."  *In re*

25   *McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1259 (N.D. Cal. 2000).  "Put

26

27   ³ There was no active claim pleaded against Qualcomm, because only a state law claim had
         been pleaded against Qualcomm and this Court had stayed the state law claims.
28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    another way, there must be a substantial likelihood that the disclosure of the omitted fact

2    would have been viewed by the reasonable investor as having significantly altered the 'total

3    mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438,

4    448-49 (1976).

5         The PSLRA requires Plaintiff to "specify each statement alleged to have been

6    misleading, the reason or reasons why the statement is misleading, and, if an allegation

7    regarding the statement or omission is made on information and belief, the complaint shall

8    state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1)

9    (2010); *see Knollenberg*, 2005 WL 2980628, at *6 ("[T]he PSLRA pleading requirements

10   apply to claims brought under Section 14(a) and Rule 14a-9."); *Desaigoudar*, 223 F.3d at

11   1022-23, 1022-23, 1026 (applying PSLRA to claim under Section 14(a) and Rule 14a-9); *In*

12   *re McKesson HBOC*, 126 F. Supp. 2d at 1266-67 (same).  Plaintiff must plead this

13   information in "great detail."  *Shurkin v. Golden State Vintners, Inc.*, No. C 04-3434 MJJ,

14   2005 WL 1926620, at *4 (N.D. Cal. Aug. 10, 2005) (citing *In re Silicon Graphics Inc. Sec.*

15   *Litig.*, 183 F.3d 970, 974 (9th Cir. 1999)).

16        This heightened standard applies to both "the facts constituting the alleged violation,

17   and the facts evidencing scienter." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1107-08 (9th

18   Cir. 2010).  For a Section 14 claim, Plaintiff need not plead intent, but must plead specific

19   facts giving rise to a strong inference of negligence.  *In re McKesson HBOC*, 126 F. Supp.

20   2d at 1266-67 (requiring "a Section 14(a) plaintiff [to] plead with particularity facts that

21   give rise to a strong inference of negligence.").

22        In addition, Plaintiff must allege "enough facts to state a claim to relief that is

23   plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Cutera*

24   *Sec. Litig.*, 610 F.3d at 1107.  "The plausibility standard … asks for more than a sheer

25   possibility that a defendant has acted unlawfully."  *Runaj v. Wells Fargo Bank*, 667 F.

26   Supp. 2d 1199, 1205 (S.D. Cal. 2009).

27        The Amended Complaint does not meet the applicable pleading requirements.

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1           **2.**      **Plaintiff Does Not Sufficiently Allege the Elements of a Section**

2               **14(a) Claim.**

3        *The Amended Complaint Fails to Allege any Statement of Fact that was Rendered*

4 *False or Misleading.* Plaintiff's entire claim is based on purported omissions, yet Plaintiff

5 fails to allege any statement of fact that such omissions rendered false or misleading.

6 Plaintiff alleges that the failure to include several pages of raw, publicly available data,

7                 renders the Definitive Proxy false and misleading because:
                (i) the Definitive Proxy falsely represented that

8                 shareholders were being provided with a summary of the
                material financial analyses undertaken by Qatalyst Partners

9                 in connection with rendering the Qatalyst Partners opinion,
                when in fact shareholders had not been provided with all

10                material financial analyses undertaken by Qatalyst; and

11                (ii) the Definitive Proxy's summary of Qatalyst's analyses
               is misleading as a result of the omission of the

12                aforementioned data….

13 Dkt. 50, Am. Compl., ¶¶ 101, 103. In other words, the statement of fact that is allegedly

14 rendered misleading is the statement that the Definitive Proxy was providing shareholders

15 with "a summary" of Qatalyst's material financial analyses. *Id.*

16      That statement is not even arguably misleading. It is beyond dispute that the

17 Definitive Proxy *did* summarize the financial analyses that Qatalyst had undertaken.

18 Moreover, while the Definitive Proxy did not include the raw data in the table entitled

19 "Analyst Estimates & Valuation Methodologies," the Proxy stated plainly that Qatalyst had

20 considered such data in its analysis:

21                In performing its analysis of Atheros, Qatalyst Partners
               relied upon, among other things, ***certain publicly-available***

22                ***Wall Street analyst estimates for Atheros, or the Street***
               ***Projections***, and the Company Projections, which were

23                reviewed and discussed with Atheros' Board of Directors
               for use in connection with its evaluation of the Merger (and

24                Qatalyst Partners' performance of its analysis and

25                rendering of its opinion in connection with the Merger).

26 Ex. 2 at 30 (emphasis added).

27

28

1    A summary by definition omits detail and plaintiff makes no effort to show how

2  omitting the detailed data reviewed by Qatalyst rendered false or misleading the summary

3  of what Qatalyst did.  This allegation would not pass muster under the most lenient

4  pleading standard, nor does it come close to satisfying the PSLRA's requirement that

5  Plaintiff specify in "great detail" why each statement is misleading.  *Ashcroft v. Iqbal*, 129

6  S. Ct. 1937, 1940-41 (2009); 15 U.S.C. § 78u-4(b)(1).

7    The fact that the breakup fee data was not included in the Definitive Proxy's

8  detailed description of financial analyses undertaken by Qatalyst in connection with

9  rendering its opinion is not surprising.  The "Historical Termination Fee Analysis" was not

10  even included in the Qatalyst board presentation itself.  It was relegated to an appendix to

11  that presentation, has nothing to do with the value of Atheros's stock, and has no bearing on

12  the subject of Qatalyst's opinion, which was expressly limited to "the fairness, from a

13  financial point of view, of the consideration to be received" by Atheros's shareholders.

14    *The Amended Complaint Fails to Allege Facts Giving Rise to a Strong Inference of*

15  *Negligence.*  Under the PSLRA "a Section 14(a) plaintiff must plead with particularity facts

16  that give rise to a strong inference of negligence."  *In re McKesson HBOC*, 126 F. Supp. 2d

17  at 1266-67.  Plaintiff offers no facts, let alone particularized facts, giving rise to such an

18  inference.  Nor could he.  By the time of the shareholder vote, the disclosures in the Proxy

19  relating to Qatalyst's opinion had already been subjected to intense scrutiny by the

20  Delaware Court of Chancery.  That Court had already examined the Proxy Disclosures in

21  detail, and considered extensive briefing and argument, as well as nearly 1,500 pages of

22  evidence, addressing the adequacy of those disclosures.  The Chancery Court devoted four

23  pages of its opinion to discussing the disclosures relating to the methodology employed by

24  Qatalyst, and found them adequate.  It was clearly reasonable for the Atheros Defendants to

25  believe that, having withstood a critical evaluation by the Chancery Court, such disclosures

26  were adequate.  There are no facts that would support an inference, let alone a strong

27  inference, that any defendant was negligent.

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1     *The Amended Complaint Fails to Allege Loss Causation*.  In a proxy challenge, loss

2     causation requires a plaintiff to demonstrate that "defendant's misrepresentations induced a

3     disparity between the transaction price and the true 'investment quality' of the securities at

4     the time of the transaction."  *In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.*, 381 F.

5     Supp. 2d 192, 231 (S.D.N.Y. 2004)*; see also Suez Equity Investors, L.P. v. Toronto-*

6     *Dominion Bank*, 250 F.3d 87, 96 (2d Cir. 2001) ("The loss causation inquiry typically

7     examines how directly the subject of the fraudulent statement caused the loss….").

8          Plaintiff alleges that the $45 per share acquisition price was inadequate because the

9     acquisition took place when Atheros's stock price was undervalued – *i.e.*, because of the

10    *timing* of the acquisition, *not* because of any omissions in the Proxy Disclosures.  Dkt. 50,

11    Am. Compl., ¶¶ 57-61, 70.   Clearly, the purported omissions complained of – both of

12    which were simply compilations of publicly available information, and one of which was

13    buried in an appendix to Qatalyst's board presentation and had nothing to do with the

14    fairness of the acquisition price – did not **cause** the acquisition to take place at an

15    inadequate price.

16          **B.      The Second Cause of Action (Violations of Section 20(a) of the 1934 Act)**

17                    **Against the Directors Must Be Dismissed for Failure to State a Claim.**

18          Section 20(a) of the Exchange Act requires a primary violation of Section 14(a).

19    *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).

20    Because Plaintiff has not stated a claim under Section 14(a), his secondary claim for control

21    person liability also must be dismissed with prejudice.  *Id.*

22          **C.      The Third Cause of Action (Equitable Assessment of Attorneys' Fees**

23                    **and Expenses) Must be Dismissed for Failure to State a Claim.**

24          Plaintiff claims that this court should order the defendants to pay his counsel in this

25    lawsuit a fee because Atheros made supplemental disclosures on March 7, 2011 "as a result

26    of and in order to address the lawsuit and related litigation in Delaware state court."  Dkt.

27    50, Am. Compl., ¶ 124.   This is obviously an absurd request.  The March 7 supplemental

28    disclosures were made solely, directly and specifically in response to the March 4 Order of

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1    the Chancery Court, which enjoined Atheros from proceeding with the shareholder vote

2    until those disclosures had been made.  It could not be plainer that those disclosures had

3    nothing to do with this lawsuit.  *See* Ex. 3 at 2 ("In connection with the Delaware Court of

4    Chancery's March 4 order … Atheros is making the following supplemental disclosures to

5    the Proxy Statement.")  Plaintiff has achieved nothing through the filing or prosecution of

6    this action except to impose needless burden on the Court and the defendants with wasteful,

7    duplicative litigation filed long after the Delaware actions challenging the merger, and

8    certainly has not conferred any benefit on Atheros's shareholders.  *See, e.g. Isaac Bros. Co.*

9    *v. Hibernia Bank*, 481 F.2d 1168, 1169-71 (9th Cir. 1973) (attorneys' fees not recoverable

10   by plaintiffs challenging proxy where "the filing of the complaint has accomplished

11   nothing"; plaintiff's request for a restraining order to prevent shareholder vote was denied

12   and claims that proxy statement was materially misleading were without merit).  Plaintiff's

13   claim for attorneys' fees is utterly meritless and must be dismissed.

14   **IV.    CONCLUSION.**

15        For the foregoing reasons, the Court should grant this motion to dismiss the

16   Amended Complaint in its entirety and without leave to amend.

17

18   Dated:  March 1, 2012                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                              2475 Hanover Street
19                                            Palo Alto, CA 94304-1114

20

21                                            By  */s/ David M. Furbush*
                                                  David M. Furbush

22                                            Attorneys for Defendants Atheros
                                              Communications, Inc., Willy C. Shih, Teresa H.
23                                            Meng, Craig H. Barratt, Andrew S. Rappaport,
                                              Dan A. Artusi,  Charles E. Harris, Marshall L.
24                                            Mohr, and Christine King

25

26

27

28

ATHEROS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT