1   **FARUQI & FARUQI, LLP**
    DAVID E. BOWER (119546)
2   10866 Wilshire Boulevard, Suite 1470
    Los Angeles, CA 90024
3   Telephone: (424) 256-2884
    Facsimile: (424) 256-2885
4   dbower@faruqilaw.com

5   *Attorneys for Plaintiff*

6
                    **UNITED STATES DISTRICT COURT**
7
                  **NORTHERN DISTRICT OF CALIFORNIA**
8
                         **SAN JOSE DIVISION**
9

10

11  JOEL KRIEGER,  Individually and on          Case Number 5:11-cv-00640-LHK(HRL)
    Behalf of All Others Similarly Situated,

12                            Plaintiff,        **PLAINTIFF JOEL KRIEGER'S**
                                                **MEMORANDUM OF POINTS AND**
13            vs.                               **AUTHORITIES IN OPPOSITION TO**
                                                **ATHEROS DEFENDANTS' MOTION**
14                                              **TO DISMISS FIRST AMENDED CLASS**
                                                **ACTION COMPLAINT**
15  ATHEROS COMMUNICATIONS, INC.,
    DR. WILLY C. SHIH, DR. TERESA H.            Judge: Hon. Lucy H. Koh
16  MENG, DR. CRAIG H. BARRATT,                 Date:  May 31, 2012
    ANDREW S. RAPPAPORT, DAN A.                 Time: 1:30 p.m.
17  ARTUSI, CHARLES E. HARRIS,                  Ctrm: 4, 5th Floor
    MARSHALL L. MOHR, CHRISTINE
18  KING, QUALCOMM INCORPORATED,                Date Action Filed:  February 10, 2011
    and T MERGER SUB, INC.,
19
                            Defendants.
20

21

22

23

24

25

26

27

28

1

# **<u>TABLE OF CONTENTS</u>**

2

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ......................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND............................................................ 2

ARGUMENT ................................................................................................................ 4

I.      PLAINTIFF ADEQUATELY ALLEGES A SECTION 14(A) CLAIM ...................... 4

        A.      Plaintiff Adequately Alleges A False Statement Or Omission Of Material
                Fact That Renders The Definitive Proxy False And Misleading................................. 4

        B.      The First Amended Complaint Adequately Alleges Facts That Give Rise To
                An Inference Of Negligence ...................................................................... 6

        C.      The First Amended Complaint Adequately Alleges Adequate Loss Causation .......... 7

II.     PLAINTIFF ADEQUATELY STATES A SECTION 20(A) CLAIM................................ 7

III.    PLAINTIFF ADEQUATELY STATES A CAUSE OF ACTION FOR AN
        EQUITABLE ASSESSMENT OF ATTORNEY'S FEES ............................................... 7

CONCLUSION................................................................................................. 10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

<small>Cases</small>

*Beebe v. Pacific Realty Trust*, 99 F.R.D. 60 (D. Ore. 1983)....................................8

*Brazen v. Bell Atl. Corp.*, 695 A.2d 43 (Del. 1997)......................................5

*Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885) ........................8

*City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111 CW, 2009 U.S. Dist. LEXIS 33339 (N.D. Cal. Apr. 6, 2009) ......................................7

*David P. Simonetti Rollover IRA v. Margolis*, Case No. 36940 VCN, 2008 Del. Ch. LEXIS 78 (Del. Ch. June 27, 2008) ......................................8

*Grosz v. Lassen Cmty. Coll. Dist.*, 360 Fed. App'x 795 (9th Cir. 2009) ......................4

*In re Pure Resources, Inc. S'holders Litig.*, 808 A.2d 421 (D. Ch. 2002)......................5

*In re Sauer-Danfoss Inc. S'holders Litig.*, No. 5162-VCL, 2011 Del. Ch. LEXIS 64 (Del. Ch. Apr. 29, 2011) ......................................9

*In re Staples, Inc. S'holders Litig.*, 792 A.2d 934 (Del. Ch. 2001) ......................9

*Isaacs Brothers Co. v. Hibernia Bank*, 481 F.2d 1168 (9th Cir. 1973) ......................9

*Knollenberg v. Harmonic, Inc.*, 152 Fed. Appx. 674 (9th Cir. 2005)......................6

*Laborers Local 235 Benefit Funds v. Starent Networks, Corp.*, No. 5002-CC, 2009 Del. Ch. LEXIS 210 (Del. Ch. Nov. 18, 2009) ......................................5

*Maric Capital Master Fund, Ltd. v. Plato Learning, Inc.*, 11 A.3d 1175, 1179 (Del. Ch. 2010) ......................................8

*McCreary v. Celera Corp.*, No. 11-1618 SC, 2011 U.S. Dist. LEXIS 41639 (N.D. Cal. Apr. 13, 2011) ......................................5

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) ......................................8, 9

*New York City Employees Ret. Sys. v. Jobs*, 593 F.3d 1018 (9th Cir. 2010)......................4, 7

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920 (9th Cir. 2002) ......................................7

*Paskowitz v. Pac. Capital Bancorp*, 2009 U.S. Dist. LEXIS 122365 (C.D. Cal. Nov. 6, 2009).....4

*R.S.M. Inc. v. Alliance Capital Mgmt. Holdings L.P.*, 790 A.2d 478 (D. Ch. 2001)......................5

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Reiser v. Del Monte Properties Co.*, 605 F.2d 1135 (9th Cir. 1979)................................9

*Tech. & Intellectual Prop. Strategies Group PC v. Fthenakis*, No. C 11-2373 MEJ, 2011
U.S. Dist. LEXIS 88749 (N.D. Cal. Aug. 10, 2011)...................................................9

*Trustees v. Greenough*, 105 U.S. 527 (1881) ...........................................................8

*Williams v. Gerber Products Co.*, 523 F.3d 934 (9th Cir. 2008)....................................4

**STATUTES**

Fed. R. Civ. P. 12(b)(6)...................................................................................4

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1    Joel Krieger ("Plaintiff"), through his attorneys, respectfully submits this memorandum of

2    law in opposition to Defendants' motion to dismiss Plaintiff's First Amended Complaint and

3    respectfully requests that this Court deny Defendants' motion in its entirety.[1]

4                                       **INTRODUCTION**

5         This action arises out of a merger (the "Merger") between Atheros Communications, Inc.

6    ("Atheros") and Qualcomm Incorporated ("Qualcomm").  Plaintiff presently challenges proxy

7    disclosures made by Atheros and Atheros' Board of Directors (collectively, the "Atheros

8    Defendants") in connection with the Merger.  Specifically, the Atheros Defendants failed to disclose

9    and provide a fair summary of two material analyses performed by Atheros' financial advisor

10   Qatalyst Partners ("Qatalyst") in connection with the Merger.

11        Plaintiff alleges that the following two analyses were omitted from the Definitive Proxy

12   (defined below): (1) Qatalyst's "Summary of Analyst Estimates & Valuation Methodologies" and

13   (2) Qatalyst's "Historical Termination Fee Analysis."  Plaintiff further alleges that both analyses

14   were presented to the Atheros Defendants and were relied upon by the Atheros Board of Directors

15   when approving the Merger.  Consequently, these analyses were necessarily material and the failure

16   to include a fair summary of them in the Definitive Proxy disseminated to shareholders was, at a

17   minimum, inexcusable negligence by Atheros' Board of Directors.  Additionally, the false and

18   misleading statements in the Definitive Proxy that failed to disclose the two analyses caused the

19   Merger to be consummated at an inadequate price.  Therefore, Plaintiff adequately pleads that due

20   to the Atheros Defendants' false and/or misleading material statements in Atheros' Definitive

21   Proxy, class members received insufficient compensation for their Atheros shares.

22        Further, in partial response to Plaintiff's aggressive litigation of this action (the "Action"),

23   the Atheros Defendants remediated certain misleading and inadequate disclosures in the Definitive

24   Proxy.  In particular, the disclosures provided in the Supplemental Proxy (defined below) included

25   curative disclosures that addressed some of the deficiencies highlighted in Plaintiff's initial

26

27   _____

[1] At all times, emphasis is added, citations are omitted and all "¶" references are to Plaintiffs' First
28   Amended Class Action Complaint ("FAC"), unless otherwise indicated.

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1   complaint.  After being provided with the curative disclosures, Atheros' shareholders approved the

2   merger on March 28, 2011.  Having obtained curative disclosures, Plaintiff now seeks an equitable

3   award of attorney's fees commensurate with the benefits Plaintiff already provided to the

4   shareholder class.

5                          **FACTUAL AND PROCEDURAL BACKGROUND**

6          On January 5, 2011, Atheros and Qualcomm issued a press release announcing that they had

7   signed a definitive merger agreement for Qualcomm to acquire Atheros in a cash transaction valued

8   at approximately $3.1 billion.  ECF No. 50, at ¶ 62.[2]  Subsequently, between January 5 and January

9   19, 2011, several class actions were filed against Atheros and Qualcomm in Delaware and

10  California state courts challenging the adequacy of the Merger.[3]  March 4, 2012 Order, ECF No. 33,

11  at 4.  All pending cases were then transferred and consolidated in the Court of Chancery of the State

12  of Delaware (the "Delaware Consolidated Action").  *Id.*

13         On February 1, 2011, Atheros filed a preliminary proxy statement (the "Preliminary Proxy")

14  concerning the Merger with the Securities and Exchange Commission ("SEC").  *See* ¶ 87.  Plaintiff

15  then filed the present action individually and on behalf of the class on February 10, 2011, alleging

16  the following: (1) a claim against Atheros, Qualcomm, T Merger Sub, Inc. and the Individual

17  Defendants for violations of Section 14(a) and 14(e) of the Securities Exchange Act of 1934

18  ("Exchange Act") and Rule 14a-9 promulgated thereunder; (2) a claim against the Individual

19  Defendants for violations of Section 20(a) of the Exchange Act; (3) a claim against the Individual

20  Defendants for breach of fiduciary duties; and (4) a claim against Atheros and Qualcomm for aiding

21  and abetting the Individual Defendants' breach of fiduciary duty.  Initial Complaint, ECF No. 1.

22         On February 11, 2011, Atheros filed the definitive proxy statement (the "Definitive Proxy").

23  ¶ 93; Furbush Declaration ("Furbush Decl.), ECF No. 60-2, Ex. 2.  On February 15, 2011, Plaintiff

24

25  [2] All ECF references herein refer to the *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-
    LHK(HRL) Docket, unless otherwise noted.

26

27  [3] Seven class action complaints were filed in the Santa Clara Superior Court in California between
    January 5 and January 19, 2011.  ECF No. 33, at 4.   Five class action complaints were filed in the

28  Delaware Court of Chancery between January 6 and January 18, 2011.  *Id.*

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1   filed a motion seeking a preliminary injunction and expedited discovery (the "PI Motion") to cure

2   the deficiencies in the Preliminary and Definitive Proxies, as alleged in Plaintiff's initial complaint.

3   ECF No. 6.[4]  Prior to the PI Motion, Plaintiff and the Atheros Defendants "reached an agreement on

4   expedited discovery pursuant to which Defendants agreed to produce documents and deposition

5   transcripts from related Delaware actions. . . ."  ECF No. 33, at 3 n.1.

6          On March 4, 2011, following extensive parallel expedited discovery, the Delaware Chancery

7   Court issued an order (the "Chancery March Order") enjoining the shareholder vote pending

8   disclosure by Atheros of (1) the contingent nature of the agreement between Atheros and Qatalyst

9   relating to compensation for Qatalyst's financial advisory services and (2) the nature of Defendant

10  Barratt's employment agreement with Qualcomm after the merger.[5]  *See* ¶¶ 123-24.

11         On March 7, 2011, Atheros issued supplemental disclosures (the "Supplemental Proxy")

12  containing the information required by the Chancery March Order that also mooted certain claims

13  in this case.  ¶¶ 94-97.  However, the Definitive Proxy failed to disclose two financial analyses at

14  issue.  ¶ 99.  Specifically, the failure to include a fair summary and key inputs of the (1) "Summary

15  of Analyst Estimates & Valuation Methodologies" and (2) "Historical Termination Fee Analysis"

16  rendered the Definitive Proxy false and misleading.  *See* ¶¶ 99-103.

17         Consequently, in response to the deficiencies in the Definitive Proxy and the curative

18  disclosures in the Supplemental Proxy, Plaintiff amended his complaint on June 30, 2011 to only

19  allege the following claims: (1) a claim against Atheros and the Individual Defendants for violations

20  of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder; (2) a claim against

21  Individual Defendants for violations of Section 20(a) of the Exchange Act; and (3) a claim against

22  all Defendants for equitable assessment of attorney's fees and expenses for all work performed by

23

24  [4] On February 14, 2011, Plaintiffs in the Delaware Consolidated Action also moved for a
25  preliminary injunction to enjoin the shareholder vote.  *See* Atheros Defendants' Notice of Motion,
    Motion and Memorandum of Points of Authorities in Support of Motion to Dismiss First Amended
26  Class Action Complaint, ECF No. 59, at 4.

27  [5] Also on March 4, 2011, this Court elected to stay the state law claims in deference to the Delaware
28  Consolidated Action and denied Plaintiff's request for preliminary injunction.  ECF No. 33.

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1   Plaintiff's counsel to date.  *See* ¶¶ 119-27.   Atheros and/or its successor in interest, Qualcomm, are

2   responsible for any fee award for Plaintiff.

3   **ARGUMENT**

4   **I.     PLAINTIFF ADEQUATELY ALLEGES A SECTION 14(a) CLAIM**

5              When facing a *Federal Rules of Civil Procedure* 12(b)(6) motion, "[a] district court should

6   grant a motion to dismiss [only when] plaintiffs have not pled 'enough facts to state a claim to relief

7   that is plausible on its face.'"  *Williams v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008)

8   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In determining the sufficiency of the

9   complaint, "[a]ll allegations of material fact must be taken as true and must be construed in the light

10  most favorable to the nonmoving party."  *Grosz v. Lassen Cmty. Coll. Dist.*, 360 Fed. App'x 795,

11  797 (9th Cir. 2009) (citation omitted).

12             Further, to state a claim under Section 14(a) and Rule 14a-9, a plaintiff must allege that

13  "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the

14  plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the

15  solicitation in the materials, was an essential link in the accomplishment of the transaction."  *New*

16  *York City Employees Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010).

17             Although plaintiffs must plead Section 14(a) and Rule 14a-9 claims in conformance with the

18  Private Securities Litigation Reform Act of 1995 (the "PSLRA"), *see, e.g.*, *Jobs*, 593 F.3d at 1022,

19  plaintiffs are ***not*** required to plead scienter.  *See, e.g.*, *Paskowitz v. Pac. Capital Bancorp*, 2009 U.S.

20  Dist. LEXIS 122365, at *11-12 (C.D. Cal. Nov. 6, 2009) ("Accordingly, negligence is sufficient to

21  support a claim for violations of Section 14(a) . . . .").

22         **A.  Plaintiff Adequately Alleges A False Statement Or Omission Of Material Fact
               That Renders The Definitive Proxy False And Misleading**

23             Here, the Atheros Defendants asserted in the Definitive Proxy that they provided

24  shareholders with "a summary of the material financial analyses undertaken by Qatalyst Partners in

25  connection with rendering the Qatalyst Partners opinion."  Furbush Decl., ECF No. 60-2, Ex.2, at

26  29.  This statement, as alleged in the FAC, is materially false and misleading because Defendants

27  failed to include a fair summary of the following two material financial analyses that were

28

1   performed by Qatalyst but not summarized: (1) the "Summary of Analyst Estimates & Valuation

2   Methodologies" and (2) the "Historical Termination Fee Analysis."[6]  ¶¶ 100-103.  Indeed, it would

3   make little sense for Atheros' Board to have incurred the significant expense of obtaining the

4   aforementioned analyses from Qatalyst if the Board had not considered them material to the

5   approval of the merger.

6           In fact, courts routinely find misstatements and omissions regarding termination fees

7   material.[7]  *See, e.g.*, *Brazen v. Bell Atl. Corp.*, 695 A.2d 43, 50 (Del. 1997) ("In this case, the proxy

8   materials sent to stockholders described very clearly the terms of the termination fee.  Since the

9   termination fee was a valid, enforceable part of the merger agreement, disclosure of the fee

10  provision to stockholders was proper and necessary."); *R.S.M. Inc. v. Alliance Capital Mgmt.*

11  *Holdings L.P.*, 790 A.2d 478, 486 n.9 (D. Ch. 2001) (concluding that defendant disclosed adequate

12  "material facts regarding the Termination fee" to survive a motion to dismiss).  Additionally, the

13  fact that the "Historical Termination Fee Analysis" was relegated to the appendix of Qatalyst's

14  presentation is irrelevant, as it does not change the fact that the Atheros board reviewed the

15  analysis, used it in determining how to vote on the merger, but failed to disclose the analysis as part

16  of its summary.

17          Courts likewise find the failure to include analyst estimates and valuation methodologies to

18  be material.  *See Laborers Local 235 Benefit Funds v. Starent Networks, Corp.*, No. 5002-CC, 2009

19  Del. Ch. LEXIS 210, at *1-3 (Del. Ch. Nov. 18, 2009) (concluding that the failure to explain how

20  several valuation methodologies treated stock-based compensation was a material omission from

21  the proxy statement); *see also In re Pure Resources, Inc. S'holders Litig.*, 808 A.2d 421, 449 (D.

22  Ch. 2002) ("[S]tockholders are entitled to a fair summary of the substantive work performed by the

23  investment bankers upon whose advice the recommendation of their board as to how to vote on a

---

24  [6] Contrary to the Atheros Defendants' contention, the termination fee was a material part of the

25  financial consideration received by Atheros in connection with the Merger.

26  [7] Although there is scarce case law analyzing materiality in the Section 14(a) and Rule 14a-9 proxy

27  context, it is well established that "the courts of Delaware apply the same standard of materiality

    that federal courts apply to Exchange Act claims" when analyzing proxy issues.  *See McCreary v.*

28  *Celera Corp.*, No. 11-1618 SC, 2011 U.S. Dist. LEXIS 41639, at *13 n.2 (N.D. Cal. Apr. 13, 2011).

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1  merger or tender rely.").  Although the analyst reports underlying the "Summary of Analyst

2  Estimates & Valuation Methodologies" were publicly available, such reports are only accessible to

3  paying customers and were not publicly available to Atheros shareholders.  Moreover, the Atheros

4  Defendants' contention that they disclosed that Qatalyst "considered" certain "publically-available

5  estimates for Atheros or the Street Projections" does not change the reality that the Atheros

6  Defendants failed to provide a fair summary of the analyst estimates they received.

7       Thus, Plaintiff adequately alleges that the failure to include a fair summary and the key

8  inputs of the "Summary of Analyst Estimates & Valuation Methodologies" and the "Historical

9  Termination Fee Analysis:"

10          renders the Definitive Proxy materially false and misleading because: (i) the Definitive
            Proxy falsely represented that shareholders were being provided with "a summary of the
11          material financial analyses undertaken by Qatalyst Partners in connection with rendering the
            Qatalyst Partners opinion," when in fact shareholders had not been provided with all
12          material financial analyses undertaken by Qatalyst; and (ii) the Definitive Proxy's summary
            of Qatalyst's analyses is misleading as a result of the omission of the aforementioned data . .
13          . .

14  ¶¶ 100-103.

15

16       **B.  The First Amended Complaint Adequately Alleges Facts That Give Rise To An
             Inference Of Negligence**

17

18       To state a cause of action under Section 14(a), plaintiffs are only required to plead facts

19  giving rise to an inference of negligence.  *Knollenberg v. Harmonic, Inc.*, 152 Fed. Appx. 674, 682-

20  83 (9th Cir. 2005) ("Accordingly, negligence is sufficient to support a claim for violation of Section

21  14(a) for both forward looking and non-forward looking statements.").  Here, the Atheros

22  Defendants were presented with the "Summary of Analyst Estimates & Valuation Methodologies"

23  and "Historical Termination Fee Analysis," but decided not to include these analyses with the

24  Definitive Proxy.  *See ¶¶* 99-103.  Moreover, the Atheros Board is not insulated from liability due

25  to the Delaware Chancery Court's decision because the Chancery Court **never** explicitly or

26  implicitly considered the misstatements and omissions at issue here.  Therefore, Plaintiff

27  sufficiently alleges that the Atheros Defendant's choice not to provide a fair summary of the two

28  financial analyses in the Definitive Proxy was negligent at the very least.  *See ¶¶* 100-103.

1

**C.  The First Amended Complaint Adequately Alleges Adequate Loss Causation**

2   In the Ninth Circuit, "well-pleaded § 14(a) claims [allege] loss causation [by] connect[ing]

3   the proxy statements with an actual economic harm."  *Jobs*, 593 F.3d at 1023.  Here, the Atheros

4   Defendants incorrectly argue that Plaintiff only alleges that the inadequate acquisition price was due

5   to the timing of the merger.  In fact, Plaintiff alleges that due in part to Defendants' failure to

6   provide two material analyses in the Definitive Proxy, the merger transaction was consummated and

7   caused shareholders to receive inadequate compensation for their shares.  *See* ¶¶ 7, 111.  Therefore,

8   Plaintiff has amply alleged that the materially false and misleading proxy documents caused

9   significant economic harm to shareholders.

10   **II.    PLAINTIFF ADEQUATELY STATES A SECTION 20(a) CLAIM**

11   "To prove a *prima facie* case under [Section] 20(a), a plaintiff must prove: 1) 'a primary

12   violation of federal securities laws'; and 2) 'that defendant exercised actual power or control over

13   the primary violator.'"  *City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111

14   CW, 2009 U.S. Dist. LEXIS 33339, at *30 (N.D. Cal. Apr. 6, 2009) (quoting *Howard v. Everex*

15   *Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000)).  As discussed above, Plaintiff alleged a viable

16   Section 14(a) and Rule 14a-9 cause of action.  *See supra* Part I.  Consequently, the Atheros' Board

17   of Directors are also liable under Section 20(a) because Plaintiff alleges that they were provided

18   with or had unlimited access to copies of the Definitive Proxy, participated in merger discussions,

19   and exercised control over persons who violated Section 14(a) and Rule 14a-9.  *See* ¶¶ 99-103, 112-

20   116; *see also No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West*

21   *Holding Corp.*, 320 F.3d 920, 945-46 (9th Cir. 2002) (concluding that since plaintiff sufficiently

22   pled a Section 10(b) and Rule 10b-5 claim, it also sufficiently "established a prima facie showing"

23   of control person liability).

24

25   **III.    PLAINTIFF ADEQUATELY STATES A CAUSE OF ACTION FOR AN EQUITABLE ASSESSMENT OF ATTORNEY'S FEES**

26   The United States Supreme Court has long recognized the "common fund" doctrine as an

27   equitable basis for awarding attorneys' fees where the litigant preserved or created a specific

28

1   monetary fund for the benefit of others as well as themselves.  *See, e.g.*, *Central Railroad &*

2   *Banking Co. v. Pettus*, 113 U.S. 116, 127 (1885); *Trustees v. Greenough*, 105 U.S. 527, 537 (1881).

3   The Supreme Court later expanded the common fund exception to include cases where no specific

4   monetary fund was created, but where the litigant confers a "substantial benefit" on an ascertainable

5   class.  *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) (holding that attorneys' fees could

6   be awarded to a plaintiff whose litigation conferred non-monetary benefits on others); *see also*

7   *Beebe v. Pacific Realty Trust*, 99 F.R.D. 60, 67 n.3 (D. Ore. 1983) ("At the minimum, under *Mills*,

8   establishment of a [14(a)] violation would entitle plaintiff to recover litigation expenses and

9   reasonable attorneys' fees.").

10          As alleged in the complaint, Plaintiff filed suit to enjoin the Merger until Atheros' public

11   shareholders were provided with all of the material information necessary to cast an informed vote,

12   thereby conferring a "substantial benefit" on the shareholder class.  ¶¶ 119-127.   On February 15,

13   2011, Plaintiff filed a motion for preliminary injunction and expedited discovery that included an

14   extensive list of disclosure deficiencies contained in the Preliminary and Definitive Proxies.  *See* ¶

15   121.  Plaintiff's counsel also sent a letter to the Atheros Defendants' counsel demanding, among

16   other things, supplemental disclosures to the Company's Definitive Proxy.  ¶ 122.  In response to

17   this Action and the Delaware March Order, Defendants added significant material information in

18   the Supplemental Proxy it filed on March 7, 2011 that cured certain disclosure deficiencies alleged

19   by Plaintiff.  *See* ¶ 123-24.  Therefore, Plaintiff assisted in and conferred a benefit on the

20   Company's shareholders by requiring Defendants to provide additional material disclosures

21   contained in the Supplemental Proxy.[8]  *See* ¶ 124.  Although the Atheros Defendants presently

22   ─────────────────────────

23   [8]  The curative disclosures were clearly material, as they provided information concerning
     (1) the contingent nature of the agreement between Atheros and Qatalyst relating to compensation

24   for Qatalyst's financial advisory services and (2) the nature of Defendant Barratt's employment
     agreement with Qualcomm after the Merger.  *See Id.*; *see also Maric Capital Master Fund, Ltd. v.*

25   *Plato Learning, Inc.*, 11 A.3d 1175, 1179 (Del. Ch. 2010) (enjoining the merger until the
     "materially misleading impression that management was given no expectations regarding the

26   treatment they could receive" from the acquirer was cured); *David P. Simonetti Rollover IRA v.*

27   *Margolis*, Case No. 36940VCN, 2008 Del. Ch. LEXIS 78 (Del. Ch. June 27, 2008) (enjoining the
     merger acquisition until there was disclosure of the benefits the financial adviser received in

28   connection with the merger).

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1  dispute that the Supplemental Proxy was issued, in part, to address the Action, a motion to dismiss

2  is not the proper forum to challenge the factual allegations in the complaint. *See, e.g.*, *Tech. &*

3  *Intellectual Prop. Strategies Group PC v. Fthenakis*, No. C 11-2373 MEJ, 2011 U.S. Dist. LEXIS

4  88749, at *17-18 (N.D. Cal. Aug. 10, 2011) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

5  2001)) ("[F]actual disputes are more properly considered at the summary judgment phase or at trial,

6  not in the context of a motion to dismiss under Rule 12(b)(6), which merely tests the legal

7  sufficiency of the claims asserted in the complaint.").[9]

8        Further, the fact that the Atheros Defendants' actions mooted claims in the Action is not a

9  bar to recovering attorney's fees for the overall benefit provided to shareholders. *See Reiser v. Del*

10  *Monte Properties Co.*, 605 F.2d 1135, 1140 (9th Cir. 1979) (concluding that "the claim of the

11  plaintiffs [for attorneys' fees] may be heard even though the defendants' actions have caused the

12  securities claim to become moot").  The dissemination of the curative disclosures vindicated a

13  fundamental right of Atheros' shareholders, namely, "the right to receive fair disclosure of the

14  material facts necessary to cast a fully informed vote." *In re Staples, Inc. S'holders Litig.*, 792 A.2d

15  934, 960 (Del. Ch. 2001).  Therefore, Plaintiff has adequately alleged a claim for an equitable

16  assessment of attorney's fees. *Mills*, 396 U.S. at 396 (concluding that awarding attorneys' fees for

17  successful 14(a) claims is proper when "private stockholders' actions of this sort 'involve corporate

18  therapeutics,' and furnish a benefit to all shareholders by providing an important means of

19  enforcement of the proxy statute."); *see also In re Sauer-Danfoss Inc. S'holders Litig.*, No. 5162-

20  VCL, 2011 Del. Ch. LEXIS 64, at *55 (Del. Ch. Apr. 29, 2011) (cataloging cases that awarded

21  attorneys' fees in the context of mooted disclosures).

---

[9] For the same reason, the Atheros Defendants' citation to *Isaacs Brothers Co. v. Hibernia Bank*, 481 F.2d 1168 (9th Cir. 1973) is inapposite because the court there dismissed Plaintiff's claims not upon a motion to dismiss but rather upon summary judgment.

**CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants'
Motion to Dismiss the First Amended Complaint.

Dated:  April 13, 2012

**FARUQI & FARUQI, LLP**

By: _____
DAVID E. BOWER, *attorneys for Plaintiff*

DAVID E. BOWER (119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA  90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
dbower@faruqilaw.com

**FARUQI & FARUQI, LLP**
JUAN E. MONTEVERDE (*pro hac vice* to be filed)
RICHARD W. GONNELLO
369 Lexington Ave., 10th Floor
New York, NY  10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

- 10 -

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on April 13, 2012, I electronically filed the foregoing with the Clerk of

4   the Court using the CM/ECF system, which will send notification of such filing to the e-mail

5   addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the

6   foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated

7   on the Manual Notice List.

8

9                                        David E. Bower

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JOEL KRIEGER'S MPA IN OPPOSITION TO ATHEROS DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

# Mailing Information for a Case 5:11-cv-00640-LHK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vahn Alexander**
  valexander@faruqilaw.com,ecfca@faruqilaw.com

- **Ranah Leila Esmaili**
  ranah.esmaili@pillsburylaw.com,robert.westrom@pillsburylaw.com,nina.allen@pillsburylaw.com

- **David Malcolm Furbush**
  david.furbush@pillsburylaw.com,meri@pillsburylaw.com,susan.hersom@pillsburylaw.com

- **Christopher B Hayes**
  chayes@faruqilaw.com

- **Amy L Pierce**
  amy.pierce@pillsburylaw.com,shannon.dudley@pillsburylaw.com,laura.cole@pillsburylaw.com

- **David Allen Priebe**
  david.priebe@dlapiper.com,margaret.austin@dlapiper.com,carmen.manzano@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Robert          H. Baron**
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475