ROBERT BARON (admitted *pro hace vice*)
RBaron@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza, 825 Eighth Avenue
New York, New York 1 0019-7475.
Tel: 212.474.1422
Fax: 212.474.3700

DAVID PRIEBE (State Bar No. 148679)
david.priebe@dlapiper.com
DIANA M. MALTZER (State Bar No. 260410)
diana.maltzer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendants
QUALCOMM INCORPORATED and T MERGER SUB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ATHEROS COMMUNICATIONS, INC., DR. WILLY C. SHIH, DR. TERESA H. MENG, DR. CRAIG H. BARRATT, ANDREW S. RAPPAPORT, DAN A. ARTUSI, CHARLES E. HARRIS, MARSHALL L. MOHR, CHRISTINE KING, QUALCOMM INCORPORATED, and T MERGER SUB, INC.,<br><br>*Defendants*. | CASE NO.  11-CV-00640-LHK<br><br>Class Action<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS QUALCOMM, INCORPORATED AND T MERGER SUB, INC. TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:         May 31, 2012<br>Time:        1:30 PM<br>Courtroom: 8<br>Judge:       Honorable Lucy H. Koh |

**I.   INTRODUCTION**

Defendants Qualcomm Incorporated and T Merger Sub, Inc. (collectively "Qualcomm") respectfully submit this reply memorandum in further support of their motion to dismiss Plaintiff's First Amended Class Action Complaint (the "Complaint" or "FAC").

Plaintiff's opposition brief (the "Opposition") fails to undermine the fundamental premise of Qualcomm's motion: even assuming that the Complaint states a claim against Atheros and its former Board of Directors (the "Individual Defendants")—a contention refuted by Atheros' separate motion to dismiss, in which Qualcomm joins—Plaintiff has failed to state any cognizable claim against Qualcomm for attorney's fees or any other relief. Notably, Qualcomm is neither alleged to have filed any deficient proxy statement nor to have made the supplemental proxy disclosures ordered by the Delaware Chancery Court.

**II.   ARGUMENT**

In its opening brief, Qualcomm demonstrated that the Complaint does not actually allege that Qualcomm is obligated to pay Plaintiff's counsel fees, which are demanded in the Third Cause of Action. Rather, the operative paragraph 126 of that cause of action demands fees from Atheros and the Individual Defendants only — not Qualcomm — on the basis that Atheros and the Individual Defendants (only) amended their definitive merger proxy statement following the March 4, 2011 Order of the Delaware Chancery Court. Qualcomm Memorandum at 1:24-26, 3:9-17, *citing* FAC ¶¶ 4, 94, 123, 124, 126.

In response, Plaintiff's Opposition fails to identify any specific allegation in his Complaint that Qualcomm (as distinguished from Atheros and the Individual Defendants) is obligated to pay counsel's fees. Rather, the Opposition merely cites to the paragraphs of the Third Cause of Action as a block (Opposition at 3:21-4:1, *citing* FAC ¶¶ 119-127), without addressing Qualcomm's careful analysis of what Plaintiff has actually pled, and in particular of paragraph 126, which addresses Plaintiff's demand for fees solely to Atheros and the Individual Defendants. Plaintiff also does not refute the fact that the plain text of the Delaware Court's March 4, 2011 Order demonstrates that the Court preliminarily enjoined Atheros and the Individual Defendants, <u>not</u> Qualcomm, from proceeding with a stockholder vote until Atheros, <u>not</u> Qualcomm, provided

limited additional proxy disclosures to Atheros' shareholders. Qualcomm Memorandum at 3:21-4:3, *citing In re Atheros Comm's, Inc. Shareholder Litigation*, 2011 WL 7668835, *1 (Del. Ch. Mar. 4, 2011).

Qualcomm also demonstrated that even if the Complaint actually purports to demand attorney's fees from Qualcomm, it does not allege a basis upon which such relief may be granted. Qualcomm Memorandum at 4:17-20. The Complaint does not allege that Qualcomm violated the Exchange Act or controlled Atheros at the time the disclosures at issue were made by Atheros. Qualcomm Memorandum at 1:23-2:1, *citing* FAC ¶¶ 119-127. Rather, the Exchange Act causes of action are explicitly pleaded only against Atheros and the Individual Defendants, not against Qualcomm. Qualcomm Memorandum at 2:17-23, *citing* FAC ¶¶ 3, 6, 93, 103, 104-118. The Complaint does not allege any relevant legal duty owed by Qualcomm to the former shareholders of Atheros, much less any breach of any such duty or any misconduct by Qualcomm. Moreover, as noted above, the Complaint does not (and cannot) allege that Qualcomm was ordered to provide additional proxy disclosures by the Delaware Chancery Court. Thus, Plaintiff's own allegations render his claim against Qualcomm implausible on its face under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 (2007), as the Complaint does not allege any facts supporting any legal theory upon which Qualcomm could be liable to pay Plaintiff's attorney's fees.

Again, the Opposition offers no substantive response to these contentions. To the contrary, the Opposition repeatedly attributes the proxy statements at issue in this case, and the supplemental disclosures, to Atheros and the Individual Defendants only, not to Qualcomm, and hence supports Qualcomm's position. *See*, *e.g.*, Opposition at 1:6-10 (complaint challenges "proxy disclosures made by Atheros and Atheros' Board of Directors….").[1] Moreover, Plaintiff

---

[1] *See also* Opposition at 1:19-21 (same); *id.* at 1:22-2:1 (alleging that "the Atheros Defendants remediated certain misleading and inadequate disclosures" by filing a supplemental proxy statement); *id.* at 2:13-14 (alleging that "Atheros filed a preliminary proxy statement" prompting the filing of this lawsuit); *id.* at 2:22-3:3 (alleging that "Atheros filed the definitive proxy statement" against which Plaintiff moved for an injunction); *id.* at 3:6-10 (alleging that the Chancery Court enjoined shareholder vote "pending disclosure by Atheros" of certain matters); *id.* at 3:11-16 (alleging that "Atheros issued supplemental disclosures" which Plaintiff contends remain deficient); *id.* at 4:23-27 (alleging that "the Atheros Defendants asserted in the Definitive Proxy" that shareholders were provided with summary of analyses); *id.* at 6:3-6 (alleging that "the

1  does not allege any facts that could support the attribution of Atheros' original or supplemental proxy disclosures to Qualcomm.

In lieu of a genuine response to Qualcomm's motion, Plaintiff offers the following conclusory sentence: "Atheros and/or its successor in interest, Qualcomm, are responsible for any fee award for Plaintiff." Opposition at 4:1-2. The Opposition fails to cite to the Complaint for this proposition; indeed, the Complaint does not allege that Qualcomm is Atheros' "successor in interest." To the contrary, Plaintiff alleges that Atheros continues to maintain a separate existence as Qualcomm Atheros, Inc., a wholly owned subsidiary of Qualcomm Incorporated. FAC ¶ 11. Moreover, Plaintiff's conclusory suggestion, without explanation or citation of any authority, that Qualcomm is responsible for the liabilities (if any) of that subsidiary, is baseless. Plaintiff has pleaded no facts that would support disregarding the corporate separation between Qualcomm and its subsidiary. Thus, Plaintiff has offered no cognizable basis for the imposition of any liability upon Qualcomm.

## III. CONCLUSION

For the reasons set forth in its moving brief and above, the Court should dismiss the Complaint as to Qualcomm with prejudice.

Respectfully submitted,

May 3, 2012                                    CRAVATH, SWAINE & MOORE LLP

                                               By:  */s/ Robert Baron*
                                               Attorneys for Defendants QUALCOMM
                                               INCORPORATED and T MERGER SUB, INC.

---

Atheros Defendants failed to provide a fair summary of the analysts estimates they received"); *id.* at 6:20-23 (alleging that "the Atheros Defendants were presented with" analyses they chose not to disclose); *id.* at 9:8-9 (alleging that "the Atheros Defendants' actions" in filing supplemental proxy are not a bar to recovery of fees).

- 3 -                                          REPLY IN SUPPORT OF QUALCOMM MOTION TO DISMISS
                                               CASE NO. 11-CV-00640-LHK

**ATTESTATION OF AUTHORIZATION FOR ELECTRONIC FILING**

I, David Priebe, am the ECF User whose ID and password are being used to file this REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS QUALCOMM, INC. AND T MERGER SUB, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT. In compliance with General Order 45, X.B., I hereby attest that Robert Baron has concurred in this filing.

May 3, 2012  /s/ *David Priebe*