UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL KRIEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>    v.<br><br>ATHEROS COMMUNICATIONS, INC.; DR. WILLY C. SHIH; DR. TERESA H. MENG; DR. CRAIG H. BARRATT; ANDREW S. RAPPAPORT; DAN A. ARTUSI; CHARLES E. HARRIS; MARSHALL L. MOHR; CHRISTINE KING; QUALCOMM INCORPORATED; and T MERGER SUB, INC.,<br><br>    Defendants. | Case No.: 11-CV-00640-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

On March 1, 2012, Defendant Atheros Communications, Inc.'s ("Atheros") filed a motion to dismiss Plaintiff's first amended complaint ("FAC") and a request for judicial notice. ECF Nos. 60 ("Atheros's Mot."), 61 ("RJN"). On March 1, 2012, Defendants Qualcomm Incorporated ("Qualcomm") and T Merger Sub, Inc. ("T Merger") also filed a motion to dismiss. ECF No. 64 ("Qualcomm's Mot."). On April 13, 2012, Plaintiff filed an opposition to Defendants' motions. ECF No. 66. Defendants filed replies on May 3, 2012. ECF Nos. 67, 68. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for determination without oral argument. Accordingly, the hearing on the motions set for May 31, 2012, is hereby VACATED. Having considered the submissions and arguments of the parties, the Court GRANTS Defendants' motions for the reasons set forth below.

1

Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**I.     REQUEST FOR JUDICIAL NOTICE**

In connection with their motions to dismiss, Defendants ask this Court to take judicial notice of the following documents: (1) Preliminary Proxy Statement ("Preliminary Proxy") filed with the United States Securities and Exchange Commission ("SEC") by Atheros on February 1, 2011; (2) Definitive Proxy Statement ("Definitive Proxy") filed with the SEC by Atheros on February 11, 2011; (3) Definitive Additional Materials ("Definitive Additional Materials") filed with the SEC by Atheros on March 7, 2011; (4) the Order and Memorandum Opinion of the Delaware Court of Chancery dated March 4, 2011, in *In re Atheros Commc'ns, Inc. S'holder Litig.*, C.A. No. 6124-VCN ("*In re Atheros*"); (5) the Order of the Delaware Court of Chancery dated March 14, 2011, in *In re Atheros*; and (6) the 8-K filed with the SEC by Atheros on March 18, 2011. Decl. of David M. Furbush in Supp. of Atheros's Mot. ("Furbush Decl.") Exs. 1-6.

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). The Court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Here, Plaintiff's FAC refers to the Preliminary Proxy Statement, the Definitive Proxy, and the Definitive Additional Materials; these documents are central to Plaintiff's claims; and no party questions the authenticity of the copies of these documents attached to the Furbush Declaration. FAC ¶¶ 87-88, 93-94. Thus, the Court takes judicial notice of the Preliminary Proxy Statement, the Definitive Proxy Statement, and the Definitive Additional Materials. Furbush Decl. Exs. 1-3.

The FAC also references the "parallel related proceedings in Delaware state court." FAC ¶ 94. The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel.*

2

Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

2   Therefore, the Court also takes judicial notice of the Delaware Chancery Court's March 4 and

3   March 14, 2011 Orders in *In re Atheros*.

4   Defendants urge the Court to take judicial notice of Defendants' Form 8-K Report filed

5   with the SEC on March 18, 2011. Furbush Decl. Ex. 6. As this document is neither incorporated

6   into the FAC by reference nor necessary to the Court's resolution of these motions, the Court

7   declines to take judicial notice of Exhibit 6 at this time.

8   Accordingly, Defendants' Request for Judicial Notice is GRANTED IN PART and

9   DENIED IN PART as set forth above.

10  **II.     FACTUAL AND PROCEDURAL BACKGROUND**

11  This putative class action arises out of the 2011 merger of Atheros and Qualcomm. Prior to

12  the merger, Atheros was a Delaware corporation headquartered in California, and a leading

13  provider of innovative technologies for wireless and wired communications products. FAC ¶ 11.

14  Qualcomm, also a Delaware corporation headquartered in California, designs and manufactures

15  semiconductors for wireless phones and other equipment for advanced commercial wireless

16  applications. FAC ¶ 21. Prior to the merger, Atheros and Qualcomm had a longstanding

17  relationship and engaged in strategic collaboration for the development of wireless

18  communications technology since at least 2006. FAC ¶¶ 40-51.

19  Atheros retained Qatalyst Partners LP ("Qatalyst") as its financial advisor to determine

20  whether a proposed merger with Qualcomm would be fair to Atheros shareholders. FAC ¶ 96. At

21  a meeting of Atheros's Board of Directors on January 4, 2011, Qatalyst rendered its oral opinion

22  that the consideration to be received by holders of Atheros stock from the proposed merger was

23  "fair, from a financial point of view, to such holders." FAC ¶ 96. Qatalyst rendered its written

24  fairness opinion on January 5, 2011. FAC ¶ 96.

25  On January 5, 2011, Atheros and Qualcomm issued a press release announcing that they

26  had entered into a merger agreement in which Qualcomm would acquire Atheros in a deal valued

27  at approximately $3.1 billion. FAC ¶¶ 2, 62. Under the terms of the merger, Atheros shareholders

28  received $45.00 in cash for each share of Atheros that they owned. *Id.* Officers and directors of

1   Atheros and Qualcomm described the merger as a natural extension of the companies' prior
2   collaboration and an opportunity for the companies to build upon each others' strengths.  FAC ¶¶
3   64-65.

4   Despite these positive public statements, Plaintiff claims that the merger is fundamentally
5   unfair to Atheros shareholders because: (1) the $45 per share offer undervalued Atheros stock,
6   FAC ¶¶ 66-80; (2) the officers and directors who negotiated the merger had conflicts of interest,
7   FAC ¶¶ 84-89; (3) and the Atheros Board never seriously considered bids from other prospective
8   bidders, FAC ¶ 92.

9   As this Court noted in its March 4, 2012 Order, in the days following January 5, 2011,
10  when Atheros announced the merger agreement with Qualcomm, thirteen separate class action
11  complaints were filed against Atheros, its directors, and the Qualcomm Defendants.  ECF No. 33,
12  at 4.  Between January 5 and January 19, 2011, seven class action complaints were filed in the
13  Santa Clara County Superior Court.  *Id.*  Between January 6 and January 18, 2011, five similar
14  class action complaints were filed in the Delaware Court of Chancery.  *Id.*; *see also In re Atheros*
15  *Commc'ns, Inc. S'holder Litig.*, C.A. No. 6124-VCN, 2011 WL 7668835, at *1 (Del. Ch. Mar. 4,
16  2011).  These thirteen state court actions were later consolidated and have since been dismissed.
17  Atheros Mot. 4 & n.2; Opp'n 2.  The instant federal action, in contrast, was not filed until February
18  10, 2001, over a month after the merger announcement.  ECF No. 1.  The original complaint in this
19  action contained individual federal securities law claims and class claims under Delaware law.

20  On February 1, 2011, Atheros filed the Preliminary Proxy with the SEC.  *See* FAC ¶ 87.
21  On February 11, 2011, Atheros and the Individual Defendants filed the Definitive Proxy with the
22  SEC.  FAC ¶¶ 3, 93.

23  On February 15, 2011, Plaintiff filed a motion in this Court for a preliminary injunction to
24  enjoin the shareholder vote to approve the merger scheduled for March 7, 2011.  ECF No. 6.
25  Defendants opposed the motion and sought to stay this action in favor of the parallel state
26  proceedings in the Delaware Court of Chancery.  ECF Nos. 20, 22.  Although this Court initially
27  set a hearing on the preliminary injunction motion for March 1, 2011, at Defendants' request, this
28  Court moved the hearing to March 3, 2011, in deference to the Delaware Court of Chancery, which

4
Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

had already set a preliminary injunction hearing in the parallel cases for March 1, 2011. ECF No. 17. On March 4, 2011, this Court stayed Plaintiff's state law claims, but allowed Plaintiff's claims under the Securities Exchange Act to proceed in this Court. ECF No. 33. This Court also denied Plaintiff's request for a preliminary injunction, noting that Plaintiff had only moved for a preliminary injunction on the basis of Plaintiff's state-law claims, which this Court stayed in deference to the Delaware Court of Chancery. *See id.* On March 4, 2011, the Delaware Court of Chancery preliminarily enjoined the March 7, 2011 shareholder vote pending disclosure by Atheros of: (1) the date on which Defendant Barratt learned that Qualcomm intended to employ him post-merger; and (2) the particulars of the fee arrangement between Atheros and Qatalyst covering the latter's financial advisory services. Furbush Decl. Ex. 4, at 21-25, 29-32.

Plaintiff alleges that "as a result of and to address this litigation and parallel related proceedings in Delaware state court, Atheros and the Individual Defendants amended the Definitive Proxy by filing the Definitive Additional Materials with the SEC" on March 7, 2011. FAC ¶ 94; *see also* FAC ¶ 4. The Definitive Additional Materials disclosed the following facts, among others, that had been omitted and/or mischaracterized in the Definitive Proxy: (i) approximately 98% of the $24,000,000 fee owed by the Company to Qatalyst was contingent upon completion of the Merger; and (ii) the Company's CEO, Defendant Barratt, learned at least as far back as October 29, 2010, that Qualcomm had intended to employ him after any merger between the companies. *Id.*

Nevertheless, Plaintiff alleges that despite the Definitive Additional Materials, the Definitive Proxy continued to be false and misleading. *Id.* ¶ 7. The Definitive Proxy referred to the January 5, 2011 Qatalyst written fairness opinion and stated: "The following is a summary of the material financial analyses undertaken by Qatalyst Partners in connection with rendering the Qatalyst Partners opinion." FAC ¶ 97 (quoting Definitive Proxy, at 29). Plaintiff alleges that the Definitive Proxy failed to disclose two financial analyses that were performed by Qatalyst and provided to and relied upon by the Board in approving the merger. The missing analyses were titled: (1) "Summary of Analyst Estimates & Valuation Methodologies," and (2) "Historical Termination Fee Analysis." FAC ¶ 99. These analyses were included in a Qatalyst presentation to

5

the Atheros Board on January 4, 2011. Plaintiff has attached the slides to this presentation as Exhibit A to the FAC and incorporated the slides to the complaint by reference. FAC ¶ 100, 102.

Plaintiff alleges that "the failure to include a fair summary and key inputs from the Summary of Analyst Estimates & Valuation Methodologies renders the Definitive Proxy false and misleading because: (i) the Definitive Proxy falsely represented that shareholders were being provided with 'a summary of the material financial analyses undertaken by Qatalyst Partners in connection with rendering the Qatalyst Partners opinion,' when in fact shareholders had not been provided with all material financial analyses undertaken by Qatalyst; and (ii) the Definitive Proxy's summary of Qatalyst's analyses is misleading as a result of the omission of the aforementioned data relating to analyst estimates and valuation methodologies." FAC ¶ 101.

Plaintiff also alleges that "failure to include a fair summary and key inputs contained in the Historical Termination Fee Analysis renders the Definitive Proxy false and misleading because: (i) the Definitive Proxy falsely represented that shareholders were being provided with 'a summary of the material financial analyses undertaken by Qatalyst Partners in connection with rendering the Qatalyst Partners opinion,' when in fact shareholders had not been provided with all material financial analyses undertaken by Qatalyst; and (ii) the Definitive Proxy's summary of Qatalyst's analyses is misleading as a result of the omission of the aforementioned data for historical termination fees in comparable transactions." FAC ¶ 103.

On March 14, 2011, the Delaware Chancery Court found that the Definitive Additional Materials provided Atheros's stockholders with the required additional information and vacated the preliminary injunction enjoining the shareholder vote to approve the merger. Furbush Decl. Ex. 5. On March 28, 2011, 74.6 % of the Atheros shareholders voted to approve the merger based on the statements in the Definitive Proxy and the Proxy Supplement. FAC ¶¶ 5, 97.[1] Plaintiff alleges that "[a]s a result of the false and misleading Definitive Proxy and related filings thereto, the Merger was consummated and Atheros' public stockholders were unlawfully divested of their holdings in the Company." FAC ¶ 7.

---

[1] According to other documents, the vote occurred on March 18, 2011. *See* Atheros' Mot. 3. The Court recites the date as pled in the FAC. If this date is incorrect, Plaintiff should correct it in any amended complaint.

6

Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

On April 11, 2011, Atheros filed a motion to dismiss Plaintiff's original complaint. ECF No. 36. On June 30, 2011, Plaintiff filed the FAC, which mooted Atheros's motion to dismiss the original complaint. ECF No. 50; *see also* ECF No. 49 (Order permitting filing of FAC; denying motion to dismiss as moot). The FAC names eleven corporate and individual defendants, including: Atheros; Atheros directors Dr. Willy C. Shih, Dr. Teresa H. Meng, Dr. Craig H. Barratt, Andrew S. Rappaport, Dan A. Artusi, Charles E. Harris, Marshall L. Mohr, and Christine King (collectively, the "Individual Defendants"); Qualcomm; and T Merger, a wholly-owned subsidiary of Qualcomm. FAC ¶¶ 11-23. Plaintiff brings the case as a shareholder class action on behalf of himself and similarly situated shareholders of Atheros. FAC ¶ 1. Specifically, Plaintiff asserts three claims: (1) a claim against Atheros and the Individual Defendants for violations of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and Rule 14a-9, 17 C.F.R. § 240.14a-9(a); (2) a claim against the Individual Defendants for violations of Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a); and (3) a claim against all Defendants for an equitable assessment of attorneys' fees and expenses. FAC ¶¶ 104-11, 119-125. On December 12, 2011, the Court granted Plaintiff's motion to appoint Mr. Krieger lead Plaintiff and his counsel, Faruqi & Faruqi, LLP, lead counsel.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the Court accepts as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation

marks and citations omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. The PSLRA

The PSLRA requires that a complaint alleging violations of Section 14(a) of the Securities Exchange Act of 1934 "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *see also Desiagoudar v. Meyercord*, 223 F.3d 1020, 1023 (9th Cir. 2000).

The complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).  For a Section 14 claim, Plaintiff need not plead intent, but must plead "with particularity facts that give rise to a strong inference of negligence." *See In re McKesson HBOC*, 126 F. Supp. 2d 1248, 1266-67 (N.D. Cal. 2000).

### IV. ANALYSIS

Atheros argues that Plaintiff's FAC fails to sufficiently allege the necessary elements of a Section 14(a) claim because the FAC does not allege: (1) that any statement in the Proxy was rendered false or misleading by the alleged omissions; (2) facts that give rise to a strong inference of negligence; or (3) loss causation.  Atheros also argues that, as a result, the Section 20(a) claim, which depends on a valid Section 14(a) claim, also fails.  Finally, Atheros argues that Plaintiff's equitable claim for attorneys' fees and expenses lacks merit because the Delaware Chancery Court action, and not this action, was responsible for Defendant's supplemental disclosures.  Qualcomm and T Merger join Atheros's motion and further argue that Qualcomm and T Merger are not named in Plaintiff's Section 14(a) and Section 20(a) claims and are only nominally named in Plaintiff's equitable claim for attorney's fees and expenses.  Qualcomm and T Merger contend that the

allegations supporting Plaintiff's equitable claim for attorney's fees do not implicate Qualcomm and T Merger and that this claim should therefore be dismissed as to Qualcomm and T Merger. The Court addresses Plaintiff's Securities Exchange Act claims first and then turns to Plaintiff's equitable claim for attorneys' fees and expenses.

### A. Section 14(a)

Section 14(a) of the Securities Exchange Act makes it unlawful to solicit a proxy "in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78n(a). Rule 14a-9, which was promulgated under Section 14(a), prohibits the solicitation of a proxy by means of a proxy statement that contains a statement that "is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9(a). "An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *Seinfeld v. Bartz*, 322 F.3d 693, 696-97 (9th Cir. 2003) (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)).

To state a claim that Defendants made material misrepresentations or omissions in violation of § 14(a) and Rule 14a-9, Plaintiff must allege sufficient facts showing: "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *N.Y. City Employees' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010) (citations omitted). A section 14(a) claim must allege "loss causation," which "requires a showing that the defendant 'caused the loss for which the plaintiff seeks to recover damages.'" 15 U.S.C. § 78u–4(b)(4). "To show loss causation, a plaintiff must prove both economic loss and proximate causation. In well-pleaded § 14(a) claims, loss causation connects the proxy misstatements with an actual economic harm." *Jobs*, 593 F.3d at 1023 (citations omitted). The complaint must "provide the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation." *Id.* at 1023 (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

9

Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Here, Plaintiff's FAC fails to allege loss causation. As Defendants note, the FAC alleges that the $45 per share acquisition price was inadequate because the acquisition took place when Atheros's stock price was undervalued. According to Plaintiff, in the period leading up to the merger, Atheros shares fell and were "undervalued" because of: (1) "an overreaction to disappointing news announced by competing chip makers in the video game and PC industry market;" (2) "a perception that [Atheros] lacked exposure to the booming tablet market"; and (3) "the effects of a lingering economic recession." FAC ¶¶ 57-61. "Qualcomm's opportunistic bid occurred during a relatively weak point in Atheros' business cycle." FAC ¶ 70. Thus, the FAC suggests the reasonable inference that these other factors and the timing of the merger, rather than any misstatement or omission in the proxy statement, caused any alleged loss.

Moreover, the FAC does not connect any proxy misstatements or omissions with an actual economic harm, as required by *Jobs*. 593 F.3d at 1023. Plaintiff argues in his opposition that "the false and misleading statements in the Definitive Proxy that failed to disclose the two analyses caused the Merger to be consummated at an inadequate price." Opp'n 1, 7. Even if these allegations were in the FAC, "conclusory assertions of loss are insufficient." *Jobs*, 593 F.3d at 1024. Moreover, the paragraphs Plaintiff cites to support his loss causation argument, do not in fact provide such support. Opp'n 7 (citing FAC ¶¶ 7, 111). Paragraph 7 merely states: "As a result of the false and misleading Definitive Proxy and related filings thereto, the Merger was consummated and Atheros' public stockholders were unlawfully divested of their holdings in the Company." Not only is this statement a legal conclusion, but it also fails to allege that Plaintiff suffered actual economic harm as a result of any alleged misstatement or omission. Paragraph 111 similarly states: "Atheros shareholders voted to approve the Merger based on the false and misleading statements in the Definitive Proxy, and the Merger was consummated as a result thereof." Like Paragraph 7, Paragraph 111 is merely a legal conclusion and fails to allege that Plaintiff suffered actual economic harm as a result of any alleged misstatement or omission. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.

Thus, Plaintiff's FAC fails to sufficiently allege "loss causation," a necessary element of a Section 14(a) claim. Accordingly, Plaintiff's Section 14(a) claim must be dismissed. However, this claim is dismissed without prejudice because it is not apparent that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

The Court need not reach the other elements of a Section 14(a) claim because failure to allege loss causation is sufficient to dismiss Plaintiff's Section 14(a) claim. However, the Court notes that Plaintiff also fails (1) to plead that the omission of the "Summary of Analyst Estimates & Valuation Methodologies" and the "Historical Termination Fee Analysis" was "material," or (2) to plead facts suggesting that the omission of these analyses rendered any statement false or misleading. The FAC does not allege "facts to support the inference that it was substantially likely that a reasonable [Atheros] shareholder would have considered the [omitted analyses] important in deciding how to vote," as required to show materiality. *Desaigoudar*, 223 F.3d at 1025-26; *see also Seinfeld*, 322 F.3d 693 at 696-97. Furthermore, the Definitive Proxy merely stated that it was providing shareholders with "a *summary* of the *material* financial analyses undertaken by Qatalyst" and that the "summary of the material financial analyses *does not purport to be a complete description* of the analyses or data presented by Qatalyst Partners." Furbush Decl. Ex. 2, at 29, 34. (emphases added). Thus, because the FAC fails to allege facts showing how the omissions were "material," the Definitive Proxy's statement that it provided shareholders "a summary of the *material* financial analyses undertaken by Qatalyst" appears to be neither misleading nor false.

Moreover, Plaintiff also fails to plead "with particularity facts that give rise to a strong inference of negligence." *See In re McKesson*, 126 F. Supp. at 1266-67. As discussed above, Plaintiff has failed to support his allegation that Defendants' omissions were material or false, and Plaintiff has not adequately pled that any specific Defendant breached any duty, a necessary element of a negligence claim.

Accordingly, the Court will dismiss with prejudice any subsequent complaint that fails to plead: (1) that the omission of the relevant analyses was "material;" (2) that the omission rendered any statement false or misleading; or (3) particularized facts that give rise to a strong inference of negligence.

11
Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**B. Section 20(a)**

To state a claim under Section 20(a), a plaintiff must allege: (1) "a primary violation of federal securities law," and (2) "that the defendant exercised actual power or control over the primary violator." *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Because, as discussed above, Plaintiff fails to plead a primary securities law violation, Plaintiff also fails to plead a violation of Section 20(a). *See In re Cutera*, 610 F.3d at 1113 n.6. Accordingly, Atheros's motion to dismiss Plaintiff's Section 20(a) claim is also GRANTED. This claim is dismissed without prejudice for the same reason Plaintiff's Section 14(a) claim is dismissed without prejudice.

**C. Attorneys' Fees and Expenses**

Plaintiff alleges he is entitled to attorneys' fees and expenses because Atheros made supplemental disclosures on March 7, 2011 "as a result of and in order to address the lawsuit and related litigation in Delaware state court." FAC ¶ 124. Defendant argues that the disclosures were not made as a result of this lawsuit, but rather as a result of the Delaware Chancery Court's March 4, 2011 Order. Atheros's Mot. 10. Qualcomm and T Merger join Atheros's motion and further argue that Qualcomm and T Merger should not be held liable because none of the allegations supporting Plaintiff's equitable claim for attorneys' fees and expenses implicate Qualcomm or T Merger. For the reasons set forth below, the Court agrees with Defendants that Plaintiff's equitable claim for attorneys' fees and expenses is inadequately plead and that further amendment would be futile. Accordingly, this claim is dismissed with prejudice.

This Court has authority to award "litigation expenses and reasonable attorneys' fees" to a plaintiff whose Section 14(a) litigation confers a "substantial benefit" on behalf of a class of shareholders. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970).

The Court has reviewed the procedural history in this case and the Delaware Chancery Court Orders of March 4 and 14, 2011, and concludes that it is implausible that this action conferred any benefit, let alone a "substantial benefit" on behalf of the putative class of Atheros shareholders. As discussed above, Plaintiff did not bring this action until February 10, 2011, more than a month after the January 5, 2011 merger announcement, and several weeks after thirteen

12
Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

parallel lawsuits had been filed in California and Delaware state courts. On March 4, 2011, this Court stayed Plaintiff's state law claims and declined to issue a preliminary injunction enjoining the shareholder vote to approve the merger. ECF No. 33. By contrast, the Delaware Chancery Court's March 4, 2011 Order did preliminarily enjoin the stockholder vote to approve the merger pending "appropriate distribution of the curative disclosures" including: (1) the "nature and means by which Atheros will compensate Qatalyst," including "the amount of the fee"; and (2) "the date on which Barratt learned from Qualcomm that it intended to employ him after the [merger] closed." Furbush Decl. Ex. 4, at 25, 32, 37. The March 7, 2011 Definitive Additional Materials, filed 3 days after the Delaware Chancery Court's March 4, 2011 Order, disclosed that: (1) "During the meeting on October 29, 2010, Mr. Mollenkopf informed Dr. Barratt that QUALCOMM wanted to retain Dr. Barratt in the event of a business combination, and that Dr. Barratt could potentially have a role running a business unit of QUALCOMM that would include the former Atheros business"; and (2) "under the terms of its engagement letter, Qatalyst Partners is entitled to be paid an aggregate fee of $24,000,000, plus $7,500 for every $0.01 of per share cash consideration paid for Atheros' capital stock above $45.00 per share" and that a "total of $23,500,000 . . . is contingent, and will only be paid to Qatalyst Partners upon completion of the Merger." Furbush Decl. Ex. 3, at 3-4. Thus, the Definitive Additional Materials provided exactly those "curative disclosures" required by the Delaware Chancery Court. Indeed, the Delaware Chancery Court noted in its March 14, 2011 Order, "The Definitive Additional Materials . . . provides stockholders with appropriate curative disclosures as identified in . . . the [Delaware Chancery] Court's March 4, 2011 Memorandum Opinion."

In light of these judicially noticeable facts, Plaintiff's claim that "[h]aving obtained curative disclosures," Plaintiff is entitled to "an equitable award of attorney's fees commensurate with the benefits already provided to the shareholder class" is implausible on its face, and therefore fails to state a claim for relief. Opp'n 2; *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

13

Case No.: 11-CV-00640-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

inferences."). Moreover, unlike the plaintiff in *Mills*, who was entitled to attorneys' fees and expenses because he "succeeded in establishing a cause of action" for a violation of the Securities Exchange Act, Plaintiff here has failed to plead any violation of the Securities Exchange Act. Finally, there are no facts that Plaintiff could plead to contradict the record that the benefit of curative disclosures resulted from anything other than the Delaware Chancery Court's March 4, 2011 Order. Thus, leave to amend would be futile. Accordingly, Plaintiff's equitable claim for attorneys' fees and expenses is DENIED WITH PREJUDICE.[2]

## V. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. Plaintiff's claims under Section 14(a) and 20(a) of the Securities Exchange Act are DISMISSED WITHOUT PREJUDICE. Plaintiff's equitable claim for attorneys' fees and expenses is DISMISSED WITH PREJUDICE. Because Plaintiff's equitable claim for attorneys' fees and expenses was the only claim asserted against Qualcomm and T Merger, these Defendants are DISMISSED WITH PREJUDICE. Plaintiff may file an amended complaint that addresses the deficiencies identified in this Order **by June 21, 2012.** Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may not add any additional parties or claims without the written consent of all Defendants or without obtaining prior leave from the Court.

**IT IS SO ORDERED.**

Dated: May 29, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] Because Plaintiff's equitable claim for attorneys' fees and expenses fails to state a claim that is plausible on its face, the Court need not reach the other deficiencies identified in Qualcomm and T Merger's motion.